DAN HENRY, APPELLEE, V. LLOYD REEVES, APPELLANT.

452 N.W.2d 750

Filed March 23, 1990.    No. 88-484.

Charles D. Hahn for appellant.

Louie M. Ligouri for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant has appealed from the judgment of the district court which affirmed the judgment of the county court in favor of the plaintiff. We dismiss the appeal.

The county court judgment was entered on December 22, 1987. A motion for a new trial was filed on December 31, 1987, and was overruled on January 12, 1988. The notice of appeal was filed in county court on February 12, 1988. This, of course, was 31 days after the entry of the final order of which complaint was made.

Neb. Rev. Stat. § 25-2729 (Reissue 1989) provides: "(1) In order to perfect an appeal from the county court, the appealing party shall within *thirty* days after the rendition of the judgment or making of the final order complained of: (a) File with the clerk of the county court a notice of appeal . . . ." (Emphasis supplied.)

In order to vest jurisdiction in the appellate court, here the district court, it is necessary that the appealing party timely file a notice of appeal and timely deposit the district court docket fee. *State v. Hunter, ante* p. 567, 451 N.W.2d 922 (1990); *Rorick Partnership v. Haug,* 228 Neb. 364, 422 N.W.2d 365 (1988); *In re Interest of L.D. et al.,* 224 Neb. 249, 398 N.W.2d 91 (1986) (referencing Neb. Rev. Stat. § 24-541.02 (Reissue 1985), now § 25-2729).

The district court not having had jurisdiction, this court is also without jurisdiction.

The appeal is ordered dismissed, and the cause is remanded to the district court with directions to dismiss the appeal from the county court.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.