132ND STREET LTD., A NEBRASKA LIMITED PARTNERSHIP, APPELLEE, V. GARY FELLMAN, DOING BUSINESS AS FELLMAN PUBLICATIONS, INC., APPELLANT.

511 N.W.2d 88

Filed January 28, 1994.    No. S-93-104.

Douglas E. Quinn, of McGrath, North, Mullin & Kratz, P.C., for appellant.

Jeffrey A. Silver for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

This is an action which originated in the Douglas County Court for rents due under a written lease agreement. The plaintiff is 132nd Street Ltd., a Nebraska limited partnership, and the defendant is Gary Fellman, doing business as Fellman Publications, Inc.

The parties each filed motions for summary judgment. On October 27, 1992, the county court sustained the plaintiff's motion for summary judgment and overruled the defendant's motion for summary judgment. On October 30, 1992, the defendant filed a motion for new trial, and that motion was denied on November 19, 1992. On December 8, 1992, the

defendant filed in the district court a notice of appeal from the order denying his motion for new trial.

Relying on *Edward Frank Rozman Co. v. Keillor*, 195 Neb. 587, 239 N.W.2d 779 (1976), the plaintiff filed a motion to dismiss the appeal on the basis of lack of jurisdiction, asserting that the defendant's notice of appeal was untimely filed. On January 14, 1993, the district court granted the plaintiff's motion to dismiss the appeal.

On January 29, 1993, the defendant appealed to the Nebraska Court of Appeals. Thereafter, the plaintiff filed a motion for summary affirmance pursuant to Neb. Ct. R. of Prac. 7B(2) (rev. 1992) for lack of jurisdiction. On June 4, 1993, the Court of Appeals sustained the plaintiff's motion and summarily affirmed the judgment.

The defendant's petition for further review by this court was granted. The defendant asserts that the Court of Appeals erred in granting the plaintiff's motion for summary affirmance.

Neb. Rev. Stat. § 25-2701 (Reissue 1989) provides:

All provisions in the codes of criminal and civil procedure governing actions and proceedings in the district court not in conflict with statutes specifically governing procedure in county courts and related to matters for which no specific provisions have been made for county courts shall govern and apply to all actions and proceedings in the county court.

Neb. Rev. Stat. § 25-2729 (Reissue 1989) provides the procedure for perfecting appeals from the county court. It states in part:

(1) In order to perfect an appeal from the county court, the appealing party shall within thirty days after the rendition of the judgment or making of the final order complained of:

(a) File with the clerk of the county court a notice of appeal; and

(b) Deposit with the clerk of the county court a docket fee in the amount of the filing fee in district court.

There are no statutory provisions applicable to county courts providing for motions for new trial; however, there are provisions for motions for new trial applicable to proceedings

in the district court which are not in conflict with statutes applicable to county court proceedings, and according to § 25-2701, these provisions for motions for new trial applicable in the district court shall apply in the county court.

Neb. Rev. Stat. § 25-1315.03 (Cum. Supp. 1992) provides that an order on a motion for new trial is a final order for purposes of appeal, and the time and manner for perfecting an appeal therefrom are the same as in an appeal from a judgment, decree, or final order of the district court in a civil action.

Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992) provides the procedure for perfecting an appeal from the district court to the Court of Appeals or this court. An appellant is given 30 days from rendition of judgment, decree, or final order to file a notice of appeal and deposit his or her docket fee. § 25-1912(1). Section 25-1912(2) states in part:

> The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a motion for a new trial under section 25-1143 if such motion is filed by any party within ten days after the verdict, report, or decision was rendered or (b) by a motion to set aside the verdict or judgment under section 25-1315.02 if such motion is filed by any party within ten days after the receipt of a verdict, and the full time for appeal fixed in subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a) or (b) of this subsection.

In *Edward Frank Rozman Co. v. Keillor*, 195 Neb. 587, 239 N.W.2d 779 (1976), this court held: "On appeal from a county or municipal court to the District Court, notice of appeal and bond must be filed within 10 days after the rendition of judgment and this period cannot be prolonged by filing a motion for new trial." (Syllabus of the court.)

*Keillor* was decided prior to enactment of § 25-2729, which provides "thirty days after the rendition of the judgment or making of the final order complained of" within which a notice of appeal and docket fee must be filed in the county court.

In *Henry v. Reeves*, 234 Neb. 794, 452 N.W.2d 750 (1990), this court dismissed an appeal from the district court which affirmed the judgment of the county court in favor of the

plaintiff. The facts were as follows:

> The county court *judgment* was entered on December 22, 1987. A motion for a new trial was filed on December 31, 1987, and was overruled on January 12, 1988. The notice of appeal was filed in county court on February 12, 1988. This, of course, was 31 days after the entry of the *final order* of which complaint was made.

(Emphasis supplied.) (Emphasis omitted.) *Id.* at 795, 452 N.W.2d at 750-51.

In the *Reeves* case, the final order of which complaint was made was the county court's overruling of the defendant's motion for new trial, and it was obviously filed after the 30-day filing period provided in § 25-2729.

In the present case, the defendant filed his motion for new trial within 10 days of the county court's order granting summary judgment in favor of the plaintiff and overruling the defendant's motion for summary judgment. The county court's order denying the defendant's motion for new trial was issued on November 19, 1992. The defendant's notice of appeal from that order was filed within 30 days of November 19, on December 8, 1992, and was timely according to § 25-2729 and *Reeves*.

The Court of Appeals erred in summarily affirming this appeal for lack of jurisdiction. The judgment is reversed, and the cause is remanded to the Court of Appeals with directions to remand the cause to the district court.

REVERSED AND REMANDED WITH DIRECTIONS.

FAHRNBRUCH, J., not participating in the decision.