established in *McCroy*, Walocha's suspension for nonpayment of dues did not render him per se ineffective.

## VI. CONCLUSION

Based on our previous holding in *McCroy*, we decline to adopt a per se determination of ineffectiveness based solely upon the fact that Vanderpool's attorney was suspended for nonpayment of dues at the time he represented Vanderpool in his criminal proceedings. We also find that Vanderpool failed to show that he was denied the effective assistance of counsel based on specific aspects of his attorney's actual performance. Accordingly, we affirm the judgment of the district court denying Vanderpool postconviction relief.

AFFIRMED.

---

STATE OF NEBRASKA, APPELLEE, V.
DAVID SCHANAMAN, APPELLANT.
___ N.W.2d ___

Filed June 21, 2013.    No. S-12-808.

1. **Pleas: Appeal and Error.** The right to withdraw a plea previously entered is not absolute. And, in the absence of an abuse of discretion, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal.
2. **Pleas.** When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may grant the motion for any fair and just reason, if such withdrawal would not substantially prejudice the prosecution.
3. **Indictments and Informations: Courts.** Neb. Rev. Stat. § 29-1802 (Reissue 2008) does not apply to complaints in county court.
4. **Statutes: Judicial Constructions: Legislature: Presumptions.** When the Nebraska Supreme Court has construed a statute in a certain manner and that construction has not evoked a legislative amendment, it is presumed that the Legislature has acquiesced in the court's construction.

Appeal from the District Court for Kimball County, DEREK C. WEIMER, Judge, on appeal thereto from the County Court for Kimball County, RANDIN ROLAND, Judge. Judgment of District Court affirmed.

Todd Morten, of Island & Huff, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Wright, Stephan, McCormack, and Cassel, JJ.

Per Curiam.

## NATURE OF THE CASE

The State filed a complaint against David Schanaman in county court, charging him with third degree domestic assault. That same day, the court arraigned Schanaman and accepted his no contest plea. Two weeks later, and before sentencing, Schanaman moved to withdraw his plea. He argued that he had not received the complaint 24 hours before being asked to plead, as required by Neb. Rev. Stat. § 29-1802 (Reissue 2008), which he contended applied to complaints in county court. The court denied his motion, and the district court affirmed. Because § 29-1802 applies to prosecutions by indictment or information and not complaints in county court, failure to comply with it was not a "fair and just reason" for Schanaman to withdraw his plea. As such, the county court did not abuse its discretion in denying his motion. We affirm.

## BACKGROUND

The parties do not dispute the facts. On December 27, 2011, the State filed a complaint against Schanaman charging him with third degree domestic assault. That same day, Schanaman appeared before the court without counsel. After the prosecutor read the charges, the court then explained to Schanaman the nature of the charges and the possible penalties involved, and then reviewed Schanaman's rights. This review covered his rights to counsel, to speedy trial, to confront and cross-examine the State's witnesses, to present evidence in his defense, to remain silent, to testify, and to appeal.

After Schanaman expressly waived his right to counsel, the court explained the different types of pleas. The court then told Schanaman that if he entered a not guilty plea, the court would schedule the case for further proceedings, including a trial. But if Schanaman entered a guilty or no contest plea, his plea

would waive the majority of his rights. The court then asked for his plea, and Schanaman pleaded no contest. The court questioned him about his plea, asking whether anyone had made any promises, threats, or inducements which prompted his plea, and whether his plea was voluntary. Schanaman answered that his plea was voluntary and not the result of anything improper; as reason for his plea, he explained that he "just want[ed] to make peace with this." Based on his plea and the accompanying factual basis, the court accepted his plea and found Schanaman guilty.

On January 10, 2012, after obtaining an attorney, Schanaman moved to withdraw his plea. Schanaman argued that § 29-1802 required that he have a copy of the complaint 24 hours before being asked to plead, which did not happen. Schanaman then argued that he had two other matters pending in the county—another criminal matter and a divorce—and that the State would not be substantially prejudiced, if at all, by his withdrawing his plea. The State argued that § 29-1802 did not apply and that Schanaman had not shown a fair and just reason for withdrawing his plea. The court agreed with the State, emphasizing the colloquy outlined above, and denied Schanaman's motion.

The district court affirmed. The court determined that § 29-1802 did not apply, from its plain language, to misdemeanors or county courts. The court determined that, from the record, Schanaman "entered his plea voluntarily, intelligently and not as a result of improper promises, threats or inducements." The district court found no basis for withdrawing the plea, other than that Schanaman "apparently thought better of his plea after speaking with counsel." That being insufficient, the court found no abuse of discretion and affirmed the county court's order.

## ASSIGNMENTS OF ERROR

Schanaman assigns, restated, that the district court erred in concluding that (1) § 29-1802 did not apply to a misdemeanor complaint in county court and (2) the county court did not abuse its discretion in denying Schanaman's motion to withdraw his plea.

## STANDARD OF REVIEW

[1] The right to withdraw a plea previously entered is not absolute. And, in the absence of an abuse of discretion, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal.[1]

## ANALYSIS

[2] The county court refused to allow Schanaman to withdraw his plea. When a defendant moves to withdraw his or her plea before sentencing, a court, in its discretion, may grant the motion for any fair and just reason, if such withdrawal would not substantially prejudice the prosecution.[2] Schanaman argues that he gave a "fair and just reason" to withdraw his plea and that the county court abused its discretion in denying his motion.

Specifically, Schanaman argues that he was not served with the complaint 24 hours before being asked to plead. Section 29-1802 requires a defendant to be served with the indictment 24 hours before that defendant is asked to plead. Schanaman argues that this 24-hour requirement applies to complaints in county court. Schanaman also argues that he had other cases—another criminal matter and a divorce—pending in the same county and that the State would not be substantially prejudiced, if at all, by his withdrawing his plea. We note that the latter arguments relate to the substantial prejudice issue, which is separate from whether Schanaman presented a "fair and just reason" to withdraw his plea.[3] The sole basis for his motion to withdraw his plea is his interpretation of § 29-1802.

But if § 29-1802 does not apply to complaints in county court, then the failure to comply with it cannot be a fair and just reason for Schanaman to withdraw his plea. We set § 29-1802 out in full:

---

[1] See, e.g., *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010); *State v. Williams*, 276 Neb. 716, 757 N.W.2d 187 (2008).

[2] See, e.g., *Williams, supra* note 1.

[3] See *id*.

The clerk of the district court shall, upon the filing of any indictment with him, and after the person indicted is in custody or let to bail, cause the same to be entered of record on the journal of the court; and in case of the loss of the original, such record or a certified copy thereof shall be used in place thereof upon the trial of the cause. Within twenty-four hours after the filing of an indictment for felony, and in every other case on request, the clerk shall make and deliver to the sheriff, the defendant or his counsel a copy of the indictment, and the sheriff on receiving such copy shall serve the same upon the defendant. No one shall be, without his assent, arraigned or called on to answer to any indictment until one day shall have elapsed, after receiving in person or by counsel, or having an opportunity to receive a copy of such indictment as aforesaid.

[3] We give statutory language its plain and ordinary meaning.[4] We agree with the district court that, from a plain reading of § 29-1802, it does not apply to complaints in county court. Section 29-1802 specifically references procedure in felony cases (which the county court cannot try[5]), and it speaks only of "indictments," rather than "complaints." And although Neb. Rev. Stat. § 29-1604 (Reissue 2008) specifically extends indictment procedure to informations, there is no such provision extending indictment procedure to complaints. We also note that Neb. Rev. Stat. § 29-404 (Cum. Supp. 2012), which deals with filing complaints in county court, does not impose any requirements similar to § 29-1802 or reference it in any way.

But Schanaman argues that § 29-1802 cannot be read in isolation. He argues that Neb. Rev. Stat. § 29-424 (Reissue 2008), which provides that a complaint must be filed in citation cases 24 hours before the defendant is set to appear in county court, supports extending the 24-hour requirement of § 29-1802 to complaints in county court. We find this unpersuasive. Section

---

[4] See *Lozier Corp. v. Douglas Cty. Bd. of Equal.*, 285 Neb. 705, 829 N.W.2d 652 (2013).

[5] See Neb. Rev. Stat. § 24-517 (Cum. Supp. 2012).

29-424 shows that the Legislature understood how to create a 24-hour waiting period for situations other than citations, if it wished to do so. But it did not.

Schanaman also argues that Neb. Rev. Stat. § 25-2701 (Cum. Supp. 2012) extends § 29-1802 to complaints in county court. Section 25-2701 provides, in relevant part:

> All provisions in the codes of criminal and civil procedure governing actions and proceedings in the district court not in conflict with statutes specifically governing procedure in county courts and related to matters for which no specific provisions have been made for county courts shall govern and apply to all actions and proceedings in the county court.

Schanaman argues that § 29-1802 governs an action or proceeding in district court, that it does not conflict with statutes specifically governing county court procedure, and that it is related to matters for which no specific provisions have been made for county courts. But while § 29-1802 in that sense "applies" to county courts, § 29-1802's specific language does not apply to *complaints*. We will not rewrite the statute to make it do so.

It is correct that under § 25-2701, we have applied district court procedure to county court proceedings. For example, we have applied § 25-2701 to allow parties in county court to file motions for new trial[6] and motions for summary judgment,[7] and to allow county courts to assess attorney fees against the State under Neb. Rev. Stat. § 25-1803(1) (Reissue 2008).[8] But doing so did not require any substantive change to the statutory language; motions for new trial and summary judgment remained motions for new trial and summary judgment.[9]

---

[6] See *132nd Street Ltd. v. Fellman*, 245 Neb. 59, 511 N.W.2d 88 (1994).

[7] See *Buckingham v. Creighton University*, 248 Neb. 821, 539 N.W.2d 646 (1995).

[8] See *In re Interest of Krystal P. et al.*, 251 Neb. 320, 557 N.W.2d 26 (1996).

[9] See, *132nd Street Ltd., supra* note 6; Neb. Rev. Stat. §§ 25-1144 (Cum. Supp. 2012) and 25-1144.01 (Reissue 2008); *Buckingham, supra* note 7; Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 2008).

Similarly, allowing the county court to assess attorney fees against the State under § 25-1803(1) did not require any substantive change to the statutory language.[10]

But to apply § 29-1802, as Schanaman urges, to complaints in county court would require substantively changing the text of § 29-1802. Unlike statutes related to motions for new trial, for example, we cannot apply the text of § 29-1802 to proceedings in county court. Most obviously, § 29-1802 refers only to indictments, and so we would be required to substitute "complaint" for "indictment" in the statute. It is true that § 29-1802 also does not refer to informations. But substituting "information" for "indictment" under § 29-1604 does not create any procedural difficulties. Substituting "complaint" for "indictment," however, does create such difficulties.

The first sentence of § 29-1802 requires the clerk of the district court to make a record of the indictment, and if the original is lost, that copy may be used "upon the trial of the cause." This sentence does not distinguish between felonies and misdemeanors, and the requirement to make a record applies to indictments and informations in district court—both may be used to prosecute felonies and misdemeanors.[11] But the same is not true of complaints in county court. As we have noted in the past, a felony charge generally originates by complaint in county court, but after a preliminary hearing and probable cause finding, the county court must bind the defendant over to the district court.[12] There, an information is filed, and the trial would proceed on that information.[13] So applying the first sentence of § 29-1802 to complaints in county court would make no sense when a felony is charged. Yes, the clerk of the county court could make a record of the filed complaint, but it (or a copy) could never be used "upon the trial of the cause" in a felony case.

---

[10] See, *In re Interest of Krystal P. et al.*, *supra* note 8; § 25-1803(1).

[11] See, Neb. Rev. Stat. §§ 29-1407 and 29-1601 (Reissue 2008); *Nelson v. State*, 115 Neb. 26, 211 N.W. 175 (1926).

[12] See *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999).

[13] See *id*.

Moreover, applying the second sentence of § 29-1802 to complaints in county court would be impractical. That sentence, in short, requires service on the defendant of a copy of the indictment or information in all felony cases and in every other case on request. Applying § 29-1802 to complaints in county court would, in a felony case, require service of the complaint on the defendant. And once the defendant was bound over to district court, § 29-1802 would again require service of essentially the same document, in the form of an information, on the defendant. This redundancy would be unnecessary and a waste of judicial resources.

True enough, in *State v. Lebeau*,[14] we cited § 25-2701 as support for extending the statutory speedy trial right to complaints for city ordinance violations, in addition to statutory violations. And that was not simply a matter of applying the statutory language as written in the county court setting. We premised that reasoning, however, on our longstanding history of applying the statutory speedy trial right to complaints in county court (even though the speedy trial act expressly refers only to indictments and informations).[15] There is no such history here.

However, Schanaman emphasizes that both the statutory speedy trial act and § 29-1802 expressly refer only to indictments and informations. And yet he notes that, despite not referencing complaints, we have applied the statutory speedy trial right to complaints in county court. He argues that we must similarly extend § 29-1802 to complaints in county court. We disagree.

Schanaman is correct regarding the statutory speedy trial right. In *State v. Stevens*,[16] we held that "[a]lthough statutory requirements for a speedy trial expressly refer only to indictments and informations, the references may encompass complaints." We reasoned that "[i]nclusion of complaints has been our practice over the years, and nothing in the new statute

---

[14] See *State v. Lebeau*, 280 Neb. 238, 784 N.W.2d 921 (2010).

[15] See *id*.

[16] *State v. Stevens*, 189 Neb. 487, 488, 203 N.W.2d 499, 500 (1973).

suggests change."[17] And we have applied the statutory speedy trial right to complaints in county court ever since.[18]

[4] But the *Stevens* court ignored the plain statutory language at issue, apparently because local practitioners had always applied the statutory speedy trial right to complaints in county court. Not only is this reasoning questionable (we cannot simply ignore statutory language), but it is inapplicable here. As Schanaman's attorney noted at oral argument, it is routine for the defendant to receive a copy of the complaint and then soon after be asked to plead. However, putting aside the questionable reasoning in *Stevens*, we reaffirmed that result in subsequent case law, and the Legislature has not seen fit to change the law. When we have construed a statute in a certain manner and that construction has not evoked a legislative amendment, we presume that the Legislature has acquiesced in our construction.[19] But that does not require us to employ questionable reasoning again, in a different context, and we decline to do so here.

## CONCLUSION

We conclude that § 29-1802 has no application to a complaint in county court and that, therefore, failure to comply with § 29-1802 here could not be a fair and just reason to withdraw Schanaman's plea. The county court did not abuse its discretion in denying Schanaman's motion. We affirm.

Affirmed.

Connolly and Miller-Lerman, JJ., participating on briefs.

---

[17] *Id*.

[18] See, e.g., *Lebeau, supra* note 14.

[19] See, e.g., *Werner v. County of Platte*, 284 Neb. 899, 824 N.W.2d 38 (2012).