Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2016 09:07 AM CST

IN RE ESTATE OF BRUCE F. EVERTSON, DECEASED.
TRAVELERS INDEMNITY COMPANY, APPELLANT, V.
JULIE A. WAMSLEY, PERSONAL REPRESENTATIVE
OF THE ESTATE OF BRUCE F. EVERTSON,
DECEASED, APPELLEE.

___ N.W.2d ___

Filed December 16, 2016.    No. S-15-104.

1. **Jurisdiction: Statutes.** Subject matter jurisdiction and statutory inter-
   pretation present questions of law.
2. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the
   power of a tribunal to hear and determine a case in the general class or
   category to which the proceedings in question belong and to deal with
   the general subject matter involved.
3. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a
   judicial tribunal by either acquiescence or consent, nor may subject mat-
   ter jurisdiction be created by waiver, estoppel, consent, or conduct of
   the parties.
4. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised
   at any time by any party or by the court sua sponte.
5. ____: ____. A court action taken without subject matter jurisdiction
   is void.
6. **Statutes: Legislature: Intent.** Absent contrary statutory language, a
   court gives statutory language its plain meaning; a court will not look
   beyond the statute to determine legislative intent when the words are
   plain, direct, and unambiguous.
7. **Statutes: Appeal and Error.** An appellate court does not consider
   a statute's clauses and phrases as detached and isolated expressions.
   Instead, the whole and every part of the statute must be considered in
   fixing the meaning of any of its parts.
8. **Statutes.** It is not within the province of a court to read a meaning into
   a statute that is not warranted by the language.

9. **Workers' Compensation: Subrogation: Courts.** Under Neb. Rev. Stat. § 48-118.01 (Reissue 2010), a subrogated claim against a third party must be brought in the district court.

10. **Jurisdiction: Courts: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 24-302 (Reissue 2016), the district courts shall have and exercise general, original, and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided.

11. **Workers' Compensation: Subrogation: Courts: Words and Phrases.** The term "the court," as used in Neb. Rev. Stat. § 48-118.01 (Reissue 2010), refers to the district court.

12. **Workers' Compensation: Subrogation: Courts: Jurisdiction.** Under Neb. Rev. Stat. § 48-118.04 (Reissue 2010), district courts have exclusive subject matter jurisdiction over the fair and equitable distribution of proceeds subject to subrogation.

13. **Courts: Jurisdiction: Legislature.** County courts can acquire jurisdiction only through a specific legislative mandate in a legislative enactment.

14. **Workers' Compensation: Subrogation: Courts: Jurisdiction.** Neb. Rev. Stat. § 48-118.04 (Reissue 2010) is not a specific mandate that county courts have jurisdiction over fair and equitable distribution hearings.

15. **Jurisdiction: Appeal and Error.** When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

16. ____: ____. When an appellate court is without jurisdiction to act, the appeal must be dismissed.

17. ____: ____. An appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.

18. **Appeal and Error.** An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Irwin and Inbody, Judges, on appeal thereto from the County Court for Morrill County, Paul G. Wess, Judge. Judgment of Court of Appeals vacated, and cause remanded with directions.

Gregory W. Plank, of Ray Lego & Associates, and Thomas D. Wulff and Thomas J. Freeman, of Wulff & Freeman, L.L.C., for appellant.

R. Kevin O'Donnell, of Law Office of R. Kevin O'Donnell, P.C., L.L.O., for appellee.

Dallas D. Jones, David A. Dudley, and Michael D. Sands, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for amici curiae Nebraskans for Workers' Compensation Equity and Fairness et al.

Bradley D. Shidler, of Werner Enterprises, Inc., and, of counsel, Gary L. Wickert, Matthew T. Fricker, and Alyssa A. Johnson, of Matthiesen, Wickert & Lehrer, S.C., for amicus curiae Werner Enterprises, Inc.

Steven L. Theesfeld, of Yost & Baill, L.L.P, and, of counsel, Vlad Kushnir, of VB Kushnir, L.L.C., for amicus curiae National Association of Subrogation Professionals.

Vincent M. Powers, of Vincent M. Powers & Associates, and Rodney J. Rehm, of Rehm Bennett Law Firm, P.C., L.L.O., for amici curiae Nebraska Association of Trial Attorneys et al.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, and Funke, JJ.

Funke, J.

## NATURE OF CASE

This matter commenced as a probate proceeding filed for the sole and limited purpose of collecting wrongful death benefits exclusively for the widow and next of kin of the decedent, Bruce F. Evertson, under Neb. Rev. Stat. §§ 30-809 and 30-810 (Reissue 2016). Bruce was killed in a motor vehicle accident. The county court accepted a settlement from

the insurer of the other driver for the wrongful death claim of the estate of Bruce F. Evertson (Estate) and allocated the proceeds among Bruce's widow and adult children.

As a result of Bruce's acting within the course and scope of his employment at the time of his death, Bruce's widow, Darla Evertson, received and continues to receive workers' compensation benefits from appellant, Travelers Indemnity Company (Travelers). Before distributing Darla's share of the wrongful death settlement, the county court held a fair and equitable distribution hearing and issued an order on Travelers' subrogation claim to Darla's proceeds.

The county court ordered that Travelers was not entitled to any distribution of Darla's proceeds. The order also did not provide Travelers any future credit against the workers' compensation benefits it owes Darla. Travelers appealed from this order. The Nebraska Court of Appeals affirmed.[1]

The primary issue we address is the question of subject matter jurisdiction and whether the probate proceeding in the county court was the proper venue to decide Travelers' subrogation claim or whether the same should have been brought in a separate action in the district court. Further, because the issue of the availability of future credit for Travelers is likely to recur, we also clarify our precedent on that issue.

We hold that the county court lacked subject matter jurisdiction to hear and decide the subrogation matter. Because the county court lacked jurisdiction over the subrogation matter, the Court of Appeals also lacked subject matter jurisdiction to hear the merits of the appeal. Accordingly, we vacate the decision of the Court of Appeals and remand the cause to the Court of Appeals with directions to vacate the order of the county court which determined the fair and equitable distribution of Darla's settlement proceeds.

---

[1] *In re Estate of Evertson*, 23 Neb. App. 734, 876 N.W.2d 678 (2016).

## BACKGROUND

In February 2014, Bruce died in a motor vehicle collision while acting in the course and scope of his employment. Travelers, the insurer of Bruce's employer, began paying workers' compensation benefits to Darla of $728 per week, which will be paid until she dies or remarries.

In June 2014, the county court appointed a personal representative to pursue a wrongful death claim for the Estate. In the county court proceeding, Travelers filed a statement of claim to assert its subrogation right to Darla's distribution from the settlement against the third-party tort-feasor, under Neb. Rev. Stat. § 48-118 (Reissue 2010). Travelers claimed a lien for $26,208 in indemnity payments made to Darla and $10,000 in funeral expenses. It wanted the remaining balance distributed to Darla as "future credit" against the remaining benefits it owes Darla.

In October 2014, the personal representative filed a petition to settle its wrongful death claim against the tort-feasor's insurance carrier. The insurance carrier paid its policy limit of $1 million, of which $500,000 was paid to the Estate and the other $500,000 was paid to the estate of an occupant in Bruce's vehicle who was also killed in the accident. The county court approved the settlement's distribution to Bruce's dependents as follows: $125,000 to each of Bruce's two adult children and $250,000 to Darla.

In the personal representative's request for distribution of the wrongful death settlement proceeds, she stated Darla's portion was "subject to the lien for worker's [sic] compensation." Accordingly, the personal representative requested the county court set a date for a hearing on the subrogation issue. The county court held a hearing at which Travelers and Darla each presented evidence as to the fair and equitable division of Darla's proceeds between them and the amount, if any, of Traveler's future credit. After the hearing, the county court ordered $42,583.31 of the settlement proceeds be paid to the attorneys of the Estate and the remaining $207,416.69 be

distributed to Darla. Travelers was awarded $0 of the proceeds and was given no consideration for payments that may be due in the future. Travelers appealed.

The appeal was litigated between Travelers and the Estate. The Court of Appeals affirmed the county court's subrogation distribution as fair and equitable. It also agreed that Travelers was not entitled to future credit. Regarding future credit, the Court of Appeals interpreted the second paragraph of § 48-118 as inapplicable in this case, because it states that an employer is entitled to future credit when there is a "recovery by *the employer* against [a] third person" and here it was the employee's estate that made the recovery. (Emphasis supplied.) Travelers petitioned for further review, which we granted.

## ASSIGNMENTS OF ERROR

Travelers assigns, restated, the following errors:

(1) The county court lacked subject matter jurisdiction to hear and decide the subrogation matter;

(2) the Court of Appeals erred in affirming the county court's order, because the county court failed to consider the possibility of Darla's receiving underinsured motorist settlement funds;

(3) the Court of Appeals erred in affirming the county court's order, because it was not a fair and equitable distribution; and

(4) the Court of Appeals erred by refusing to allocate any portion of Darla's settlement funds to Travelers' lien for benefits already paid to Darla or as future credit for the ongoing benefits it must continue to pay to Darla.

## STANDARD OF REVIEW

[1] Subject matter jurisdiction and statutory interpretation present questions of law.[2]

---

[2] *Village at North Platte v. Lincoln Cty. Bd. of Equal.*, 292 Neb. 533, 873 N.W.2d 201 (2016).

ANALYSIS

[2-5] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[3] Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.[4] Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.[5] A court action taken without subject matter jurisdiction is void.[6]

Travelers argues, for the first time in its petition for further review, that the county court lacked subject matter jurisdiction to conduct the subrogation hearing. Specifically, Travelers contends that the Nebraska Workers' Compensation Act expressly provides that the district court should handle these types of subrogation issues, as evidenced by the fact that the act references the "district court" four times in Neb. Rev. Stat. § 48-118.01 (Reissue 2010). Accordingly, "the court" in Neb. Rev. Stat. § 48-118.04 (Reissue 2010) should be interpreted in pari materia with § 48-118.01 to limit jurisdiction to the district court.

[6-8] Absent contrary statutory language, a court gives statutory language its plain meaning; a court will not look beyond the statute to determine legislative intent when the words are plain, direct, and unambiguous.[7] An appellate court does not consider a statute's clauses and phrases as detached

---

[3] *Kotrous v. Zerbe*, 287 Neb. 1033, 846 N.W.2d 122 (2014).

[4] *Interiano-Lopez v. Tyson Fresh Meats*, 294 Neb. 586, 883 N.W.2d 676 (2016).

[5] *In re Guardianship & Conservatorship of Barnhart*, 290 Neb. 314, 859 N.W.2d 856 (2015).

[6] *In re Interest of Trey H.*, 281 Neb. 760, 798 N.W.2d 607 (2011).

[7] See *Coffey v. Planet Group*, 287 Neb. 834, 845 N.W.2d 255 (2014).

and isolated expressions.[8] Instead, the whole and every part of the statute must be considered in fixing the meaning of any of its parts.[9] It is not within the province of a court to read a meaning into a statute that is not warranted by the language.[10]

Section 48-118.01 states, in relevant part, as follows:

[T]he district court before which the action is pending shall allow [the employee, personal representative, employer, or workers' compensation insurer] to intervene in [the action against a third party], and if no action is pending then the district court in which it could be brought shall allow either party to commence such action. Each party shall have an equal voice in the claim and the prosecution of such suit, and any dispute arising shall be passed upon by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought.

If the employee or his or her personal representative or the employer or his or her workers' compensation insurer join in prosecuting such claim and are represented by counsel, the reasonable expenses and the attorney's fees shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought.

Section 48-118.04(2) provides:

If the employee or his or her personal representative or the employer or his or her workers' compensation insurer do not agree in writing upon distribution of the proceeds of any judgment or settlement, the court, upon

---

[8] *Board of Trustees v. City of Omaha*, 289 Neb. 993, 858 N.W.2d 186 (2015).

[9] *Id.*

[10] *Interiano-Lopez, supra* note 4.

application, shall order a fair and equitable distribution of the proceeds of any judgment or settlement.

Section 48-118 was originally enacted in 1913.[11] The Legislature has made numerous amendments, adding piecemeal clauses and phrases, to § 48-118.[12] In 2005, however, the Legislature separated § 48-118 into § 48-118 et seq. (Reissue 2016).[13] The Legislature made no comments indicating that its purpose for separating § 48-118 was to change the meaning of the language substantively. So, we read §§ 48-118 et seq. as a whole.

[9,10] The language of § 48-118.01, "the district court before which the action is pending . . . and if no action is pending then the district court in which it could be brought," plainly establishes that a subrogated claim against a third party must be brought in the district court. While § 30-810 provides special procedures for settling wrongful death claims, it is silent on wrongful death actions. Pursuant to Neb. Rev. Stat. § 24-302 (Reissue 2016), the district courts shall have and exercise general, original, and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided. Accordingly, wrongful death actions must be brought in the district court.[14]

Section 48-118.01 goes on to use the phrase "the court before which the case is pending and if no action is pending then by the district court in which such action could be brought." Because we have already established that a subrogated claim against a third party must be brought in the district court, the plain language of this phrase is that disputes among

---

[11] 1913 Neb. Laws, ch. 198, § 18, p. 585, codified as Rev. Stat. § 3659 (1913).

[12] See § 48-118 (Reissue 2004).

[13] 2005 Neb. Laws, L.B. 13, §§ 2 and 23 to 27.

[14] See Neb. Rev. Stat. § 30-2464(c) (Reissue 2016) ("a personal representative of a decedent domiciled in this state at his or her death has the same standing to sue and be sued in the courts of this state").

a subrogor and subrogee must be resolved by the district court in which the action is or the district court in which the action could be brought.

[11,12] In light of § 48-118.01's exclusive consideration of district courts, we turn to § 48-118.04. While § 48-118.04 does not provide the additional language of § 48-118.01 that a subrogation must be brought in a district court if no action is pending, both statutes refer to "the court." Because § 48-118.01's reference to the "the court" is an unambiguous reference to the district court, we must also read "the court" in § 48-118.04(2) as an unambiguous reference to the district court. Therefore, we hold that district courts have exclusive subject matter jurisdiction over the fair and equitable distribution of proceeds subject to subrogation.

We note that this interpretation is consistent with our holding in *Miller v. M.F.S. York/Stormor*.[15] In *Miller*, the employee, Kevin Miller, was injured during the course and scope of his employment due to the alleged negligence of a third-party tort-feasor. Miller brought a personal injury action against the tort-feasor in federal court, and Miller's employer joined the suit. The parties reached a settlement before trial.

Miller and his employer then sought a determination as to the employer's subrogation claim for benefits paid under its workers' compensation plan. The federal court held a hearing to determine the fair and equitable allocation of the settlement proceeds. In doing so, however, no determination was made as to the amount of credit the employer would be entitled to on disability benefits and medical and other expenses that accrued after the order.

After the case had been completed in federal court, Miller brought an action in the Nebraska Workers' Compensation Court for other workers' compensation benefits and expenses which accrued after the final order in federal court. The

---

[15] *Miller v. M.F.S. York/Stormor*, 257 Neb. 100, 595 N.W.2d 878 (1999).

Workers' Compensation Court determined it lacked jurisdiction to determine Miller's claims, because they had vested in federal court. Miller then filed an application for review in the Workers' Compensation Court. The review panel found that the Workers' Compensation Court did have jurisdiction under § 48-118 (Reissue 1993) and remanded the case to the workers' compensation judge. The employer appealed to the Court of Appeals, which affirmed the order of the review panel. We took the matter on a petition for further review.

On appeal, we first held that upon entering a final order, the federal court matter was completed and the case was no longer pending in that court. We then determined that as a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. Lastly, we held that the language of § 48-118, which stated "'the court before which the case is pending and if no action is pending then by the district court in which such action could be brought,'" requires the subrogation dispute be brought in the court where the underlying third-party action was litigated or the district court.[16] Accordingly, the Workers' Compensation Court lacked subject matter jurisdiction over the dispute.

[13,14] In further support of our interpretation that district courts have exclusive subject matter jurisdiction over the fair and equitable distribution of proceeds subject to subrogation, we note that county courts are statutorily created courts which possess limited jurisdiction.[17] County courts can acquire jurisdiction only through a specific legislative mandate as a result of a legislative enactment.[18] Nowhere in the Nebraska Workers' Compensation Act's statutes on subrogation of rights against

---

[16] *Id.* at 103, 595 N.W.2d at 881 (quoting statute language currently found at § 48-118.01).

[17] See *In re Adoption of Hemmer*, 260 Neb. 827, 619 N.W.2d 848 (2000).

[18] *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991). See, also, *In re Adoption of Hemmer, supra* note 17.

third-party tort-feasors, § 48-118 et seq., does the Legislature provide a specific mandate of jurisdiction to the county courts. Therefore, we cannot read a mandate into § 48-118.04 that county courts also have jurisdiction over fair and equitable distribution hearings by the Legislature's use of the phrase "the court."

Section 30-810 also does not confer jurisdiction to the county court for the subrogation of wrongful death proceeds. While § 30-810 does confer exclusive jurisdiction to the county court to approve wrongful death settlements and discretionary jurisdiction to distribute the proceeds of the wrongful death claims, as we mentioned above, wrongful death actions themselves can be litigated only in the district court. The jurisdiction granted to the county courts by § 30-810 is narrow to its terms and cannot be exceeded by the county court.[19] Further, the beneficiaries of the wrongful death action are not entitled to be parties to the wrongful death distribution proceedings[20]; therefore, a dispute could not arise between the employer or insurer and the beneficiary, as envisioned by § 48-118.01, within the proceedings in the county court.

Here, the extent of the county court's jurisdiction extended to the distribution of the settlement proceeds from the wrongful death claim to the beneficiaries only. The county court lacked

---

[19] See *In re Estate of Panec*, 291 Neb. 46, 864 N.W.2d 219 (2015) (reversing decision of county court that distributed survivorship proceeds in addition to wrongful death proceeds, because § 30-810 provided no jurisdiction for distributing proceeds other than from wrongful death claims).

[20] *Hickman v. Southwest Dairy Suppliers, Inc.*, 194 Neb. 17, 24-26, 230 N.W.2d 99, 104-05 (1975) ("[t]his makes it clear that no apparent heir or beneficiary under the wrongful death statute has any vested right to any of the proceeds recovered in said action until after a hearing has been held before the county court, and a determination made by the court as to who is entitled to receive the proceeds and how much. . . . One may employ counsel to assist a litigant, or may testify as a witness in his favor or give other active support to his cause in court, without becoming a party to the record . . .").

subject matter jurisdiction to adjudicate the subrogation issue as it related to the distribution of Darla's settlement proceeds. Accordingly, the county court's order is void in its determination of the fair and equitable distribution of Darla's settlement proceeds.

[15-17] When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.[21] When an appellate court is without jurisdiction to act, the appeal must be dismissed.[22] However, we have the power to determine whether we lack jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.[23]

Because the county court lacked jurisdiction over the subrogation matter, the Court of Appeals was also without jurisdiction to hear the subrogation issue. Accordingly, the Court of Appeals' decision is also void because it was solely concerned with the county court's determination of the subrogation matter.

[18] Travelers also contends that the Court of Appeals erred in its interpretation of § 48-118 by refusing to allocate any portion of Darla's settlement funds for future credit for the ongoing benefits it must continue to pay to Darla because Travelers did not participate in obtaining the proceeds. In raising that assignment of error, Travelers relies upon our holding in *Bacon v. DBI/SALA*.[24] In *Bacon v. DBI/SALA*, we held that an employer's or insurer's right to a future credit against a

---

[21] *Trew v. Trew*, 252 Neb. 555, 567 N.W.2d 284 (1997).

[22] *Wright v. Omaha Pub. Sch. Dist.*, 280 Neb. 941, 791 N.W.2d 760 (2010).

[23] See *Conroy v. Keith Cty. Bd. of Equal.*, 288 Neb. 196, 846 N.W.2d 634 (2014), citing *In re Interest of Trey H., supra* note 6.

[24] *Bacon v. DBI/SALA*, 284 Neb. 579, 822 N.W.2d 14 (2012).

beneficiary's proceeds from a wrongful death claim does not depend upon who happens to recover first. However, because we have determined that the county court lacked subject matter jurisdiction to decide the issue of subrogation, we need not comment further on the issue of whether the Court of Appeals erred in its interpretation of § 48-118. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it.[25]

## CONCLUSION

We hold that the county court lacked subject matter jurisdiction over the subrogation matter. Because the county court lacked jurisdiction over the subrogation matter, the Court of Appeals also lacked subject matter jurisdiction to hear the merits of the appeal. Accordingly, we vacate the judgment of the Court of Appeals and remand the cause to the Court of Appeals with directions to vacate the order of the county court which determined the fair and equitable distribution of Darla's settlement proceeds.

JUDGMENT VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.

KELCH, J., not participating.

---

[25] *In re Interest of Jackson E.*, 293 Neb. 84, 875 N.W.2d 863 (2016).