Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/22/2020 08:09 AM CDT

State of Nebraska, appellee,
v. A.D., appellant.

State of Nebraska, appellee,
v. C.M., appellant.

___ N.W.2d ___

Filed February 28, 2020.    Nos. S-19-583, S-19-678.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
3. **Statutes.** Where it is possible to harmonize apparently conflicting statutes, a court should do so.
4. **Jurisdiction: Appeal and Error.** When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.
5. ____: ____. When an appellate court is without jurisdiction to act, the appeal must be dismissed.

Appeals from the County Court for Sarpy County: Robert C. Wester and Todd J. Hutton, Judges. Appeals dismissed.

Dennis P. Marks, Deputy Sarpy County Public Defender, and Mitchell S. Sell, Senior Certified Law Student, for appellant A.D.

Todd A. West, Sarpy County Public Defender, Dennis P. Marks, Deputy Sarpy County Public Defender, and Mitchell S. Sell, Senior Certified Law Student, for appellant C.M.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Appellants in both of these consolidated appeals contend that the county court erred by concluding it lacked jurisdiction to decide motions to transfer their felony criminal cases to juvenile court. We conclude that the county court correctly found it lacked jurisdiction over the motions to transfer to juvenile court. Because the county court lacked jurisdiction, we find that we too lack jurisdiction and dismiss the appeals.

## BACKGROUND

In both of these consolidated cases, the State filed complaints in county court charging appellants with felonies. The State charged A.D. with first degree sexual assault, a Class II felony. The State charged C.M. with possession of a stolen firearm, a Class IIA felony. Both offenses were alleged to have been committed when appellants were older than 14 years old but younger than 18 years old.

Both A.D. and C.M. filed motions asking the county court to transfer their respective cases to juvenile court under Neb. Rev. Stat. §§ 29-1816 (Cum. Supp. 2018) and 43-276 (Reissue 2016). In both cases, the State argued that the county court did not have jurisdiction to decide a motion to transfer to juvenile court in felony cases. And in both cases, after a hearing, the county court issued orders stating that it did not have jurisdiction to rule on a motion to transfer to juvenile court and scheduled preliminary hearings.

Before a preliminary hearing was held in either case, appellants filed notices of appeal. We moved the appeals to our docket and consolidated them for oral argument and disposition.

## ASSIGNMENTS OF ERROR

Both appellants claim that the county court erred in one respect: by holding that it lacked jurisdiction to rule on their respective motions to transfer to juvenile court.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019).

[2] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *Griffith v. Nebraska Dept. of Corr. Servs.*, 304 Neb. 287, 934 N.W.2d 169 (2019).

## ANALYSIS

This case presents multiple jurisdictional arguments. Appellants argue that the county court erred by finding it lacked jurisdiction to decide their motions to transfer to juvenile court. The State contends that the county court correctly determined it lacked jurisdiction of the motions to transfer to juvenile court in felony cases. Alternatively, the State contends that the orders at issue are not final and appealable, an argument we discuss briefly below.

*Final Order.*

In *State v. Bluett*, 295 Neb. 369, 889 N.W.2d 83 (2016), we held that a trial court's denial of a motion to transfer to juvenile court was not a final, appealable order. In response to our decision, the Legislature amended § 29-1816 to provide that "[a]n order granting or denying transfer of [a] case from county or district court to juvenile court" may be appealed to the Nebraska Court of Appeals, provided a party files a notice of appeal within 10 days of the entry of such an order. § 29-1816(3)(c). See 2017 Neb. Laws, L.B. 11, § 1. See, also, *State v. Uhing*, 301 Neb. 768, 919 N.W.2d 909 (2018). Both

appellants filed notices of appeal within 10 days of the county court orders at issue, but the State argues that the county court declined to rule on the motions to transfer, as opposed to granting or denying them, and that thus, the orders are not covered by § 29-1816(3)(c) and are not appealable.

It is unnecessary to resolve whether the orders appealed from were orders "denying transfer" for purposes of § 29-1816(3)(c). Even if they were, we find that we lack jurisdiction over these appeals and are obligated to dismiss them for another reason, as we explain in more detail below.

*County Court Jurisdiction Over*
*Motions to Transfer Felony*
*Cases to Juvenile Court.*

As noted above, appellants' central argument in these appeals is that county courts have jurisdiction to decide motions to transfer felony cases to juvenile court. Any case in which the scope of a county court's authority is at issue must begin with the understanding that county courts are statutorily created courts which possess limited jurisdiction. See *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016). More specifically, county courts have only that jurisdiction which has been granted to them through specific legislative enactment. See *id.* And while county courts have been given jurisdiction of criminal matters classified as misdemeanors or infractions via Neb. Rev. Stat. § 24-517 (Cum. Supp. 2018), that statute does not provide for county court jurisdiction over felonies. In *State v. Schanaman*, 286 Neb. 125, 835 N.W.2d 66 (2013), we cited § 24-517 for the proposition that county courts cannot try felony cases.

While we were correct in *Schanaman* to note that § 24-517 does not generally grant county courts jurisdiction over felonies, other statutes do authorize county court judges to play a role in felony matters. For example, in those counties that do not have separate juvenile courts, county court judges can, sitting as a juvenile court, preside in proceedings against

juveniles who are alleged to have committed a felony. See, Neb. Rev. Stat. § 43-245(12) (Supp. 2019); Neb. Rev. Stat. § 43-246.01(1)(d) and (2)(b) (Reissue 2016). See, also, *In re Interest of Tyrone K.*, 295 Neb. 193, 887 N.W.2d 489 (2016). Another statute authorizes county court judges to act as a district judge in Class IV felony cases, even without the consent of the parties. See Neb. Rev. Stat. § 24-312 (Reissue 2016). The authority of the county court to act as a juvenile court or district court as described is not at issue in these appeals.

Our opinion in *Schanaman, supra*, discussed another function county courts are authorized to serve in felony cases. As we noted, "a felony charge generally originates by complaint in county court, but after a preliminary hearing and probable cause finding, the county court must bind the defendant over to the district court." *Id.* at 131, 835 N.W.2d at 70. The authority of county courts to conduct preliminary hearings in felony cases referred to in *Schanaman* is derived from other statutes. As we explained in *State v. Wilkinson*, 219 Neb. 685, 686, 365 N.W.2d 478, 479 (1985), when a county court judge conducts a preliminary hearing, he or she is acting as an "examining magistrate," pursuant to Neb. Rev. Stat. §§ 29-201, 29-504, and 29-506 (Reissue 2016), and has only the authority to discharge the defendant or, upon a probable cause finding, bind the defendant over to the district court for further proceedings.

The county court concluded in these matters that its authority was limited to conducting a preliminary hearing and that thus, a motion to transfer to juvenile court could only be decided by the district court in the event probable cause was found and the case was bound over. Appellants argue that the county court misunderstood its authority and that it is authorized to decide a motion to transfer to juvenile court even in felony cases.

In support of this argument, appellants rely on several statutes that they contend provide such authority. First, they direct us to § 43-246.01(3), a statute that provides that juvenile

courts shall have "[c]oncurrent original jurisdiction with the county court or district court" in several categories of cases. One such category is cases involving juveniles that were younger than 18 years old and were 14 years old or older "when an alleged offense punishable as a Class I, IA, IB, IC, ID, II, or IIA felony was committed." § 29-1816(1)(a)(ii). See § 43-246.01(3)(c).

Appellants also find support for their position in § 29-1816, the statute discussing motions to transfer to juvenile court, and invoke the following portions of that statute:

(1)(a) The accused may be arraigned in county court or district court:

(i) If the accused was eighteen years of age or older when the alleged offense was committed;

(ii) If the accused was younger than eighteen years of age and was fourteen years of age or older when an alleged offense punishable as a Class I, IA, IB, IC, ID, II, or IIA felony was committed;

(iii) If the alleged offense is a traffic offense as defined in section 43-245; or

(iv) Until January 1, 2017, if the accused was seventeen years of age when an alleged offense described in subdivision (1) of section 43-247 was committed.

(b) Arraignment in county court or district court shall be by reading to the accused the complaint or information, unless the reading is waived by the accused when the nature of the charge is made known to him or her. The accused shall then be asked whether he or she is guilty or not guilty of the offense charged. If the accused appears in person and by counsel and goes to trial before a jury regularly impaneled and sworn, he or she shall be deemed to have waived arraignment and a plea of not guilty shall be deemed to have been made.

(2) At the time of the arraignment, the county court or district court shall advise the accused, if the accused was younger than eighteen years of age at the time the alleged

offense was committed, that the accused may move the county court or district court at any time not later than thirty days after arraignment, unless otherwise permitted by the court for good cause shown, to waive jurisdiction in such case to the juvenile court for further proceedings under the Nebraska Juvenile Code.

Appellants contend that §§ 43-246.01 and 29-1816 give county courts the power to decide motions to transfer to juvenile court in felony cases. They contend that by its plain language, § 43-246.01(3)(c) gives county courts concurrent jurisdiction of cases involving juveniles charged with the enumerated felonies. If that were not enough, they contend that § 29-1816(1)(a) authorizes county courts to conduct arraignments in those cases. And finally, they argue that the advisement at arraignment required by § 29-1816(2) indicates that the accused may seek transfer in either county court or district court.

The State interprets each of these statutes differently. It argues that each time the statutes mentioned above refer to "county court or district court," they do so against the backdrop of the jurisdiction that has been granted to those respective courts. So, according to the State, § 43-246.01(3)(c) should not be read to give county courts and district courts (along with juvenile courts) concurrent jurisdiction over all of the enumerated categories of cases, but to give juvenile courts concurrent jurisdiction with county courts over those cases for which the county court has jurisdiction and concurrent jurisdiction with district courts over those cases for which the district court has jurisdiction.

The State urges us to interpret § 29-1816 in a similar fashion. It argues that statute should be understood to give county courts the authority to arraign defendants and decide motions to transfer to juvenile court in cases in which it has jurisdiction over the underlying charge and to give district courts the same authority in cases in which it has jurisdiction over the underlying charge. Under the State's interpretation, the county

court could not entertain the motions to transfer to juvenile court, because it did not have jurisdiction to try these cases in which appellants were charged with Class II and Class IIA felonies. Although it does not appear we were addressing this particular issue, language in one of our recent opinions is consistent with the State's interpretation. See *State v. Tyler P.*, 299 Neb. 959, 967, 911 N.W.2d 260, 266-67 (2018) ("in deciding whether to grant the requested waiver and to transfer the proceedings to juvenile court, *the court having jurisdiction over a pending criminal prosecution* must carefully consider the juvenile's request in the light of the criteria or factors set forth in § 43-276") (emphasis supplied).

Appellants contend that their interpretation gives effect to the plain language of the statutes at issue and that the State's does not. In our view, however, both sides present plausible interpretations of the plain language of the statutes if that language is viewed in isolation. Statutes, however, are not properly interpreted in isolation. See *State v. Jedlicka, ante* p. 52, ___ N.W.2d ___ (2020). Rather, when interpreting a statute, well-established principles of statutory interpretation require a court to take account of context and of other statutes pertaining to the same subject. See *id.* As we will explain below, those principles lead us to conclude that the State's interpretation is correct and that county courts have not been given authority to decide motions to transfer to juvenile court in cases in which they lack jurisdiction to try the case.

First, we note that the interpretations offered by appellants sweep much more broadly than they are willing to acknowledge. Appellants assert repeatedly that § 43-246.01(3) gives county courts concurrent jurisdiction over cases involving juveniles who are between 14 and 18 years old accused of Class I and Class II felonies. Appellants attempt to cabin their argument, however, by conceding that county courts cannot decide the merits of these felony cases and contending that this case involves only the authority of a county court to decide a motion to transfer to juvenile court. But appellants'

textual argument cannot logically stop at a motion to transfer to juvenile court. If county courts truly have concurrent jurisdiction over cases in which juveniles are accused of Class I and Class II felonies, they have jurisdiction to decide not only motions to transfer but also the merits of such cases.

In addition, if, as appellants contend, the authority to arraign defendants given to county courts and district courts in § 29-1816(1)(a) is made without reference to existing jurisdictional limitations, county courts' authority would be expanded in another way. One type of case listed in that statute is one in which "the accused was eighteen years of age or older when the alleged offense was committed." § 29-1816(1)(a)(i). Under appellants' interpretation then, county courts would have the authority to conduct an arraignment and, presumably, accept a guilty plea in any case in which a defendant *18 years of age or older* was charged with a felony.

Interpreting the statutes discussed above as appellants suggest would significantly expand the authority of county courts over felony cases. While § 24-517 does not confer jurisdiction over felony cases to county courts, appellants' interpretations would result in county courts having jurisdiction to try certain felony cases and to conduct arraignments in many others. One would expect such significant expansions of county court authority to be stated in much clearer terms. As the U.S. Supreme Court memorably observed, legislative bodies do "not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—[they do] not, one might say, hide elephants in mouseholes." *Whitman v. American Trucking Assns., Inc.*, 531 U.S. 457, 468, 121 S. Ct. 903, 149 L. Ed. 2d 1 (2001).

Appellants' interpretation has other problems. As the State points out, it creates conflicts with other statutes. Section 43-246.01(3)(b) states that the juvenile court shall have concurrent original jurisdiction with the county court or district court as to juveniles described in Neb. Rev. Stat. § 43-247(9) (Reissue 2016). That section refers to adoption or guardianship

proceedings for a child over which the juvenile court already has jurisdiction. Under appellants' interpretation of § 43-246.01, the district court would have concurrent jurisdiction over such adoption proceedings. Section 24-517(11), however, provides that if a separate juvenile court already has jurisdiction over the child to be adopted, the county court has concurrent jurisdiction with the separate juvenile court. No mention is made of the district court.

[3] Where it is possible to harmonize apparently conflicting statutes, a court should do so. *Salem Grain Co. v. City of Falls City*, 302 Neb. 548, 924 N.W.2d 678 (2019). Interpreting the references to "county court or district court" in §§ 43-246.01 and 29-1816, in light of the jurisdiction granted to those courts elsewhere, results in no such conflicts. This interpretation also still allows juvenile offenders to seek transfer to juvenile court when the county court does not have jurisdiction to decide the case. It merely requires that in such cases, they seek transfer in the district court after the case is bound over.

Perhaps recognizing the problems posed by their reliance on §§ 43-246.01 and 29-1816, appellants shifted course in their reply brief and primarily argued that county courts have jurisdiction to decide motions to transfer to juvenile court in felony cases by analogizing to county courts' authority to conduct preliminary hearings in felony cases. Appellants suggest that just as a county court can find probable cause and bind over a felony case to district court for disposition of the merits, it should be able to decide that a case alleging a felony should be transferred to juvenile court for further proceedings. But appellants' analogy is flawed. As noted above, county courts have authority to conduct preliminary hearings in felony cases because statutes specifically authorize them to do so. Those same statutes cannot be interpreted to authorize county courts to decide motions to transfer to juvenile court. See §§ 29-201, 29-504, and 29-506.

Finally, we note that throughout their briefing and again in oral argument, appellants have emphasized that juveniles will

benefit from having a transfer motion decided as soon as possible and that such motions can be resolved sooner in felony cases if they can be decided in county court. All of this may be true, but it is also a policy argument about whether county courts *should* have the power to decide motions to transfer to juvenile court in felony cases. That is a question for the Legislature to resolve rather than this court. See *Rogers v. Jack's Supper Club*, 304 Neb. 605, 614, 935 N.W.2d 754, 762 (2019) ("[b]ut we are not tasked with selecting what we believe is the best policy"). Our role is limited to deciding whether the Legislature has given county courts the authority to decide motions to transfer to juvenile court in these cases. For all the reasons discussed herein, we conclude it has not.

[4,5] When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016). When an appellate court is without jurisdiction to act, the appeal must be dismissed. *Id.* Because the county court lacked jurisdiction over the motions to transfer, we lack jurisdiction over these appeals and must dismiss.

## CONCLUSION

Because we conclude we lack jurisdiction, we dismiss the appeals.

Appeals dismissed.