Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

Stuart Kozal, doing business as Jumping Eagle Inn,
et al., appellees and cross-appellees, v. Nebraska
Liquor Control Commission, appellant, and
Abram Neumann et al., appellees
and cross-appellants.

___ N.W.2d ___

Filed September 29, 2017.    No. S-17-441.

1. **Judgments: Jurisdiction: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. ____: ____. Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.

4. ____: ____. When an appellate court is without jurisdiction to act, the appeal must be dismissed. However, an appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.

5. **Administrative Law: Liquor Licenses: Judgments: Appeal and Error.** Under the Nebraska Liquor Control Act, an order of the Nebraska Liquor Control Commission granting, denying, suspending, canceling, revoking, or renewing or refusing to suspend, cancel, revoke, or renew a license may be appealed in accordance with the Administrative Procedure Act.

6. **Administrative Law: Final Orders: Appeal and Error.** Under the Administrative Procedure Act, any person aggrieved by a final decision in a contested case may obtain judicial review in district court.

7. **Administrative Law: Courts: Appeal and Error.** An Administrative Procedure Act proceeding in district court for review of a decision by an administrative agency is not an "appeal" in the strict sense of the term, meaning the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts, but, rather, is the institution of a suit to obtain judicial branch review of a nonjudicial branch decision.

8. **Administrative Law: Judgments: Appeal and Error.** In an Administrative Procedure Act review proceeding, the district court reviews the agency's decision de novo on the record of the agency and may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings.

9. ____: ____: ____. The Administrative Procedure Act provides that a party initiating review in the district court must do so by filing a petition in the district court of the county where the action is taken within 30 days of service of the agency's final decision and that all parties of record shall be made parties to the proceedings for review.

10. **Administrative Law: Jurisdiction: Appeal and Error.** Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.

11. **Administrative Law: Parties: Jurisdiction: Appeal and Error.** The Administrative Procedure Act's requirement that a petitioner make all parties of record in the agency proceeding parties to the proceeding for review is necessary to confer subject matter jurisdiction on the district court.

12. **Administrative Law: Parties: Appeal and Error.** Because the Administrative Procedure Act is a procedural statute that applies to a variety of agencies and types of agency proceedings, determining which parties qualify as "parties of record" requires looking at the nature of the administrative proceeding under review.

13. **Legislature: Statutes: Intent.** The Legislature may limit the scope of a statutory definition to a particular section, act, or chapter.

14. **Administrative Law: Liquor Licenses: Parties: Appeal and Error.** Neb. Rev. Stat. § 53-1,115 (Reissue 2010) defines which parties qualify as "parties of record" in proceedings of the Nebraska Liquor Control Commission and thus must be included in the district court's Administrative Procedure Act review of the commission's proceedings.

15. **Statutes: Intent.** When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context.

16. ____: ____. A court ascertains the meaning of a statute by reading it in pari materia, in light of the broader structure of the relevant act and related statutes.

17. **Statutes: Legislature: Intent.** Where appropriate, a court may consider legislative history in order to better understand a statute's context.

18. **Statutes.** It is a fundamental rule of statutory interpretation that courts should, if possible, avoid any interpretation that renders a portion of the statute as superfluous.

19. **Statutes: Words and Phrases.** A statutory definition of a term found in one statute may be considered when interpreting that same term as used in a different statute.

20. **Administrative Law: Parties: Jurisdiction: Appeal and Error.** The failure to make a party of record in the agency proceedings a party to the proceedings for review as required by the Administrative Procedure Act is a failure to seek review in the mode and manner provided by statute that deprives the district court of jurisdiction.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Vacated and dismissed.

Douglas J. Peterson, Attorney General, James D. Smith, and Milissa D. Johnson-Wiles for appellant.

David A. Domina, of Domina Law Group, P.C., L.L.O., for appellees Abram Neumann et al.

Andrew W. Snyder, of Chaloupka, Holyoke, Snyder, Chaloupka & Longoria, P.C., L.L.O., for appellees Stuart Kozal, doing business as Jumping Eagle Inn, et al.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

WRIGHT, J.

## NATURE OF CASE

The often unremarkable process of renewing a liquor license has involved considerable controversy for the four beer retailers in this case. These retailers are located in the unincorporated border town of Whiteclay, Nebraska, which is just across the state line from the Pine Ridge Indian Reservation in South Dakota, where the sale and consumption of alcohol is

prohibited. The Nebraska Liquor Control Commission (Commission) denied the retailers' license renewal applications. Pursuant to the Administrative Procedure Act (APA),[1] the retailers petitioned for review to the Lancaster County District Court, which vacated the Commission's order. The Commission and some of the citizen objectors appealed.

Our decision today does not address the merits of the parties' respective positions, but rests solely on jurisdictional grounds. To obtain judicial review of an administrative agency's order under the APA, a party must include all "parties of record"[2] from the agency proceeding. Under the Nebraska Liquor Control Act,[3] local residents who formally object to the issuance of a liquor license (citizen objectors) are "parties of record" in the licensure proceeding before the Commission. In this case, when they sought review in the district court, the retailers failed to include the citizen objectors. Thus, the retailers did not comply with the requirements for judicial review under the APA and the district court lacked jurisdiction over the retailers' petition for review. Because the district court lacked jurisdiction, its order is void and we lack jurisdiction over this appeal from the district court. We vacate the district court's order and dismiss this appeal.

## BACKGROUND

The appellees, Stuart Kozal, doing business as Jumping Eagle Inn; Arrowhead Inn, Inc., doing business as Arrowhead Inn; Clay Brehmer and Daniel Brehmer, doing business as State Line Liquor; and Sanford Holdings, L.L.C., doing business as D & S Pioneer Services (collectively the retailers), held Class B liquor licenses, authorizing them to sell packaged beer for consumption off the premises.[4] The Commission required the retailers to submit "long form" applications to renew their

---

[1] Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 2014 & Cum. Supp. 2016).

[2] See § 84-917.

[3] Neb. Rev. Stat. §§ 53-101 to 53-1,122 (Reissue 2010 & Cum. Supp. 2016).

[4] See § 53-124(6)(a)(ii).

liquor licenses rather than allowing them to use the "short form" automatic renewal process.

After the retailers submitted their applications, the Commission received 13 written objections from citizens of Sheridan County, protesting the renewal of the retailers' licenses. That number was later reduced to 12 when the Commission determined in a prehearing order that one of the objectors was not a resident of Sheridan County. Under § 53-133(1)(h), the filing of "objections in writing by not less than three persons residing within such city, village, or county, protesting the issuance of the license" triggers a requirement that the Commission hold a hearing on the contested applications.

The hearing was held on April 6, 2017. On April 19, the Commission voted to deny the retailers' applications and issued a written order detailing its findings of fact and conclusions of law on April 24.

The following day, the retailers filed a petition, pursuant to § 84-917 of the APA, in the Lancaster County District Court.[5] The retailers argued that the Commission's requirement that they file "long form" applications and the denial of those applications was arbitrary and capricious and contrary to the Nebraska Liquor Control Act and the rulings of this court. But in seeking review in the district court, the retailers failed to make the citizen objectors parties to the petition for review under the APA.

The retailers simultaneously filed a motion to stay the Commission's order during the pendency of the review, which order was set to go into effect on April 30, 2017. A hearing was scheduled and held on April 26 in the Lancaster County District Court. Notice of the hearing was given only to the assistant attorney general representing the Commission. The only attorneys appearing at the hearing were those for the retailers and the Commission. The citizen objectors were not included at any point in the district court proceedings.

───────────

[5] See § 53-1,116.

On April 27, 2017, the district court entered an order. In spite of holding a hearing and receiving arguments on the motion to stay, the district court ruled on the merits of the case. The district court, relying on this court's holdings in *Pump & Pantry, Inc. v. City of Grand Island*[6] and *Grand Island Latin Club v. Nebraska Liq. Cont. Comm.*,[7] vacated the Commission's order and remanded the cause to the Commission with instructions to allow the retailers to renew their licenses through the "short form" automatic renewal process.

On April 27, 2017, the same day as the district court's order, the Commission appealed the order. We moved the appeal from the Nebraska Court of Appeals' docket to this court's docket.[8]

On May 26, 2017 (more than 30 days after the Commission's order but less than 30 days after the district court's order), four of the citizen objectors, represented by counsel, filed a notice of appeal from the district court's order. These citizen objectors argued that they were "parties of record" in the Commission's licensure proceeding, but were not made parties to the APA review in the district court. We docketed this appeal together with the Commission's appeal, designating the citizen objectors as appellees and cross-appellants.

## ASSIGNMENTS OF ERROR

The Commission and the citizen objectors claim the district court lacked subject matter jurisdiction to enter its order vacating the Commission's order.

## STANDARD OF REVIEW

[1] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an

---

[6] *Pump & Pantry, Inc. v. City of Grand Island*, 233 Neb. 191, 444 N.W.2d 312 (1989).

[7] *Grand Island Latin Club v. Nebraska Liq. Cont. Comm.*, 251 Neb. 61, 554 N.W.2d 778 (1996).

[8] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

appellate court to reach its conclusions independent from a trial court.[9]

## ANALYSIS

[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[10] Where a lower court lacks subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.[11] When an appellate court is without jurisdiction to act, the appeal must be dismissed.[12] However, an appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.[13]

[5] Under the Nebraska Liquor Control Act, an order of the Commission "granting, denying, suspending, canceling, revoking, or renewing or refusing to suspend, cancel, revoke, or renew a license" may be appealed "in accordance with the [APA]."[14]

[6-8] Under the APA, "[a]ny person aggrieved by a final decision in a contested case" may obtain judicial review in district court.[15] An APA proceeding in district court for review

---

[9] *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017).

[10] *In re Interest of Luz P. et al.*, 295 Neb. 814, 891 N.W.2d 651 (2017).

[11] See, *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017); *In re Estate of Evertson*, 295 Neb. 301, 889 N.W.2d 73 (2016); *Conroy v. Keith Cty. Bd. of Equal.*, 288 Neb. 196, 846 N.W.2d 634 (2014).

[12] *In re Estate of Evertson, supra* note 11; *Conroy v. Keith Cty. Bd. of Equal., supra* note 11.

[13] *Id.*

[14] § 53-1,116.

[15] § 84-917(1).

of a decision by an administrative agency is not an "appeal" in the strict sense of the term, meaning "the power and authority conferred upon a superior court to reexamine and redetermine causes tried in inferior courts," but, rather, is "the institution of a suit to obtain judicial-branch review of a nonjudicial-branch decision."[16] In an APA review proceeding, the district court reviews the agency's decision "de novo on the record of the agency" and "may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings."[17]

[9] The APA provides that a party initiating review in the district court must do so "by filing a petition in the district court of the county where the action is taken" within 30 days of service of the agency's final decision.[18] It further provides that "[a]ll parties of record shall be made parties to the proceedings for review."[19]

[10,11] Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.[20] We have held that the APA's requirement that a petitioner make all "parties of record" in the agency proceeding parties to the proceeding for review is necessary to confer subject matter jurisdiction on the district court.[21]

Here, the citizen objectors were "parties of record" in the Commission's proceeding. The retailers failed to include the

---

[16] *Glass v. Nebraska Dept. of Motor Vehicles*, 248 Neb. 501, 506, 536 N.W.2d 344, 347 (1995).

[17] § 84-917(5)(a) and (6)(b).

[18] § 84-917(2)(a)(i).

[19] *Id.*

[20] See, *J.S. v. Grand Island Public Schools, ante* p. 347, 899 N.W.2d 893 (2017); *Nebraska Dept. of Health & Human Servs. v. Weekley*, 274 Neb. 516, 741 N.W.2d 658 (2007).

[21] See *Shaffer v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 740, 857 N.W.2d 313 (2014).

citizen objectors in the district court's review. The result is that the district court never acquired subject matter jurisdiction to review the Commission's order.

[12] The citizen objectors were "parties of record" in the Commission's hearing on the retailers' license applications. While the APA provides some guidance for when an agency is considered a "part[y] of record" that must be included in APA review of that agency's decision,[22] it provides no guidance for when a nonagency party is a "part[y] of record." Nor does it include an all-encompassing definition of "parties of record," applicable to every type of administrative proceeding. Because the APA is a procedural statute that applies to a variety of agencies and types of agency proceedings, determining which parties qualify as "parties of record" requires looking at the nature of the administrative proceeding under review.[23]

Here, we must look to the Nebraska Liquor Control Act, which governs the Commission and its liquor license application proceedings, in order to determine whether the citizen objectors were "parties of record." And we must look to the proceedings in this case to see whether the citizen objectors acted as parties and were treated as parties by the Commission.

## Nebraska Liquor Control Act Defines Citizen Objectors as Parties of Record

The Nebraska Liquor Control Act, in § 53-1,115, defines which parties qualify as "part[ies] of record" in the

---

[22] See § 84-917(2)(a)(i).

[23] See, generally, *Shaffer v. Nebraska Dept. of Health & Human Servs.*, *supra* note 21, 289 Neb. at 750, 857 N.W.2d at 321 (reviewing underlying regulations for "State fair hearing" Medicaid coverage proceeding before Department of Health and Human Services to determine whether Medicaid provider was "party of record" for purposes of APA review); *McDougle v. State ex rel. Bruning*, 289 Neb. 19, 853 N.W.2d 159 (2014).

Commission's proceedings. It provides that "[i]n the case of an administrative proceeding before the [C]ommission on the application for a retail [liquor] license," the "part[ies] of record" include: the applicant, the local government (if it has objected to the issuance of the license or requested a hearing), the Commission itself, and each citizen objector.[24] Thus, the act itself defines citizen objectors as "part[ies] of record" in the Commission's license application proceedings.

[13,14] The retailers argue that the definition of a "party of record" in § 53-1,115(4) "applies only to that particular section."[25] Section 53-1,115(4) begins: "*For purposes of this section*, party of record means . . . ." (Emphasis supplied.) It is true that the Legislature may limit the scope of a statutory definition to a particular section, act, or chapter.[26] But § 53-1,115 defines which parties qualify as "part[ies] of record" in the Commission's proceedings. Thus, it defines which parties are "parties of record" that must be included in the district court's APA review of the Commission's proceedings.

[15-17] When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context.[27] We ascertain the meaning of a statute by reading it in pari materia,[28] in light of the broader

---

[24] § 53-1,115(4)(a). See, also, § 53-133(1)(b).

[25] Supplemental brief for appellees Kozal et al. at 3.

[26] See, 2A Norman J. Singer and Shambie Singer, Statutes and Statutory Construction § 47:7 (rev. 7th ed. 2014); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 225-33 (2012).

[27] See, *Doty v. West Gate Bank*, 292 Neb. 787, 874 N.W.2d 839 (2016). See, also, generally, *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1856, 195 L. Ed. 2d 117 (2016) ("[s]tatutory interpretation, as we always say, begins with the text"); *State ex rel. Kalal v. Dane County*, 271 Wis. 2d 633, 681 N.W.2d 110 (2004) (statutory language is interpreted in context in which it is used); Scalia & Garner, *supra* note 26.

[28] See Black's Law Dictionary 911 (10th ed. 2014).

structure of the relevant act and related statutes.[29] And where appropriate, we may consider legislative history in order to better understand a statute's context.[30]

Our conclusion that the definition of "party of record" in § 53-1,115(4) controls for purposes of the APA's requirement that "[a]ll parties of record shall be made parties to the proceedings for review"[31] in a review of the Commission's proceedings is confirmed by a closer look at that statute. First, the definition of "party of record" was enacted in the very same bill that amended the Nebraska Liquor Control Act to allow for review of the Commission through the APA.[32] Prior to that bill, § 53-1,116 provided for review through petition in error[33] and expressly stated that the APA did not apply.[34] The fact that the Legislature adopted the definition of "party of record" in § 53-1,115(4)—a key term of art in the APA— in the very same bill in which it adopted APA review of the Commission's orders, leads to the conclusion that the definition in § 53-1,115(4) is the controlling definition of "party of record" for purposes of APA review of the Commission's proceedings.

Second, the legislative history of the bill in which the "party of record" definition was adopted in § 53-1,115 indicates that

---

[29] See, e.g., *King v. Burwell*, ___ U.S. ___, 135 S. Ct. 2480, 2492, 192 L. Ed. 2d 483 (2015) (relying on "'the fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme'"); *County of Webster v. Nebraska Tax Equal. & Rev. Comm.*, 296 Neb. 751, 896 N.W.2d 887 (2017).

[30] See, generally, *Matter of Sinclair*, 870 F.2d 1340, 1342 (7th Cir. 1989) ("[c]larity [of a statute] depends on context, which legislative history may illuminate"); *Doe v. McCoy, ante* p. 321, 899 N.W.2d 899 (2017).

[31] See § 84-917(2)(a)(i).

[32] See 1999 Neb. Laws, L.B. 267.

[33] See Neb. Rev. Stat. §§ 25-1901 to 25-1910 (Reissue 2016).

[34] § 53-1,116(1) (Reissue 1998) ("[t]he [APA] shall not apply to review under this section").

the definition applies to APA review. The bill as introduced would have placed in § 53-1,115 both the definition of "party of record" in the Commission's proceedings and the provision providing for APA review of the Commission's proceedings.[35] The bill was later amended so that the APA review provision would be placed in § 53-1,116.[36] This amendment made a variety of changes, which, in the words of the amendment's introducer, "[we]re technical and intend[ed] for the purpose of clarifying the provisions of [the bill]."[37] Thus, the section originally referred to by the language "[f]or purposes of this section" included the provision regarding APA review of the Commission's orders.[38] And the legislative history indicates that the amendment which moved the APA provision to the following section was not intended to change the fact that the definition of "party of record" would apply to APA review of the Commission's proceedings.[39] Thus, § 53-1,115 defines who are "parties of record" in a hearing before the Commission that the APA requires be made parties to the proceeding for review.

For purposes of defining who are "parties of record" in a hearing before the Commission, § 53-1,115 defines such parties and § 53-1,116 provides that any order of the Commission may be appealed in accordance with the APA.

[18] Third, the definition of "party of record" in § 53-1,115 includes the Commission itself.[40] If the definition of "party of record" for the Commission's proceedings had no application to APA review of those proceedings, it would seem

---

[35] Introduced Copy, L.B. 267, General Affairs Committee, 96th Leg., 1st Sess. 42-45 (Jan. 11, 1999).

[36] See Legislative Journal, 96th Leg., 1st Sess. 1446 (Apr. 14, 1999).

[37] Floor Debate, 96th Leg., 1st Sess. 5655-56 (May 3, 1999) (Senator Charlie Janssen).

[38] See Introduced Copy, *supra* note 35.

[39] See Floor Debate, *supra* note 37.

[40] § 53-1,115(4)(a)(iv) and (c)(ii).

odd that the Commission is defined as a party of record. Section 53-1,115(1) through (3) addresses which parties are entitled to receive notice of the Commission's order, have the right to move for rehearing, and may be assessed costs. The Commission has no need to give itself notice of the hearings it conducts, to move itself for rehearing, or to assess costs against itself. To strictly limit the application of the definition of "party of record" in § 53-1,115(4) to that section alone would render the definition of the Commission as a "party of record" as superfluous. It is a fundamental rule of statutory interpretation that courts should, if possible, avoid any interpretation that renders a portion of the statute as superfluous.[41] But the inclusion of the Commission as a "party of record" in § 53-1,115(4) makes much more sense if that definition applies not only to that section, but also to APA review of the Commission's proceedings.

[19] And even if we were to read the phrase "[f]or purposes of this section" in § 53-1,115(4) such that the definition of "party of record" did not expressly apply beyond § 53-1,115, it could still be viewed as persuasive evidence of the meaning of "parties of record" as used in the APA and applied to review of the Commission's proceedings. A statutory definition of a term found in one statute may be considered when interpreting that same term as used in a different statute.[42]

---

[41] See, *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017), *modified on denial of rehearing* 296 Neb. 606, 894 N.W.2d 349; Scalia & Garner, *supra* note 26, 174-79 (discussing surplusage canon).

[42] *Matter of J.M.M.*, 890 N.W.2d 750, 754 (Minn. App. 2017) ("[w]e may look to related statutes when interpreting an ambiguous statute. . . . More specifically, we may borrow from other statutes' definitions of terms that are undefined in the statute at issue"); *State v. Turner*, 567 N.E.2d 783, 784 (Ind. 1991) ("a legislative definition of certain words in one statute, although not conclusive, is entitled to consideration in construing the same words in another statute"). See, also, *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556 (Tex. 2014); *Schaefer v. Putnam*, 841 N.W.2d 68 (Iowa 2013) (as corrected Dec. 18, 2013).

Because the APA contains no definition of "parties of record" and because there is no other definition of "party" or "party of record" in the Nebraska Liquor Control Act, the definition in § 53-1,115(4) is, at a minimum, strongly suggestive of the conclusion that citizen objectors are "parties of record" that must be included in a district court's APA review.

And the retailers do not argue that the definition of "party of record" in § 53-1,115 is entirely irrelevant to determining which parties are "parties of record" under the APA. Rather, what they argue is that the controlling definition of "party of record" is the one found in subsection (4)(c) of § 53-1,115, which applies to "administrative proceeding[s] before the [C]ommission to *suspend, cancel, or revoke* a retail . . . license," rather than subsection (4)(a), which applies to "administrative proceeding[s] before the [C]ommission on the *application for* a retail . . . license." (Emphasis supplied.)

The retailers argue that we should look to the definition of "party of record" under § 53-1,115(4)(c), applicable to proceedings to suspend, cancel, or revoke liquor licenses, because "[t]he end result was the same as a cancelation [sic] or revocation."[43] But the end result of this proceeding was not the same as the cancellation or revocation of a liquor license. The retailers' licenses were set to expire, and their applications for the following year were denied. Liquor licenses provide an entitlement for the sale, distribution, or production of alcohol (depending on the type of license) for a period of only 1 year. As § 53-149(1) provides, "[a] license shall be purely a personal privilege, *good for not to exceed one year after issuance* unless sooner revoked as provided in the Nebraska Liquor Control Act, and shall not constitute property . . . ." (Emphasis supplied.) Thus, renewal applications (short form or long form) and applications for new licenses are both applications, because the applicant is seeking an entitlement

---

[43] Supplemental brief for appellees Kozal et al. at 6.

to which he or she is not currently entitled. This is different from the cancellation or revocation of a license, which takes away an existing entitlement from the license holder. The denial of a license renewal application simply allows the existing 1-year entitlement to expire.

The Commission's proceeding, in name and in substance, was "an administrative proceeding before the commission on the *application* for a retail . . . license."[44] Thus, the relevant definition of "party of record" in § 53-1,115 is that found in subsection (4)(a), not subsection (4)(c). The fact that citizen objectors are defined by the Nebraska Liquor Control Act as "parties of record" in license renewal proceedings establishes that they are "parties of record" that the APA requires to be included in an APA review proceeding.[45]

Citizen Objectors Acted As and Were
Treated As Parties of Record
in Commission Hearing

Not only does the Nebraska Liquor Control Act define citizen objectors as "parties of record" in the Commission's liquor license application proceedings, but the citizen objectors in this case acted as and were treated as parties in the Commission's hearing on the retailers' license renewal applications.

In *Shaffer v. Nebraska Dept. of Health & Human Servs.*,[46] we concluded that a Medicaid provider was a "party of record" in a Department of Health and Human Services hearing regarding Medicaid coverage of nursing care that should have been included in the district court's APA review. One of the principal reasons we relied upon to conclude that the provider was a "party of record" was that "it [was] clear from the administrative record that [the provider] participated in the [department's Medicaid] hearing and was treated as a party by the hearing

---

[44] See § 53-1,115(4)(a) (emphasis supplied).

[45] See § 84-917.

[46] *Shaffer v. Nebraska Dept. of Health & Human Servs., supra* note 21.

officer."[47] We looked to the fact that the Medicaid provider's "representatives presented evidence, cross-examined witnesses, entered into stipulations, and presented arguments" and that "[a]t the beginning and conclusion of the hearing, the hearing officer referred to [the Medicaid recipient] and [the Medicaid provider] as the 'parties.'"[48]

Here too, the citizen objectors acted as and were treated as parties. The attorney for four of the objectors made a formal appearance as an attorney of record and was listed as an attorney of record in the record of the proceeding. The hearing officer conducted the hearing by allowing the objectors to call witnesses and make their case first, followed by the retailers' case and response to the objectors' arguments and evidence.

The citizen objectors' attorney submitted pretrial witness and exhibit lists, filed and responded to prehearing motions, called witnesses at the hearing, made stipulations, objected to evidence, and examined and cross-examined witnesses. The primary examination of witnesses at the hearing was conducted by the citizen objectors' attorney and the retailers' attorney, with just a few questions asked by the hearing officer and the commissioners. The hearing officer referred to citizen objectors and the retailers as the "parties." And he referred to the unrepresented objectors as "pro se litigant[s]."

And the Commission wrote in its order that in making its decision, it "considered, foremost, the existence of citizen protest, and the adequacy of existing law enforcement." For all practical purposes, the citizen objectors were "parties of record" in the retailers' licensure proceeding.

### CONCLUSION: CITIZEN OBJECTORS ARE PARTIES OF RECORD

[20] Because citizen objectors are defined by the Nebraska Liquor Control Act as "part[ies] of record" in the Commission's

---

[47] *Id.* at 751, 857 N.W.2d at 322.

[48] *Id.*

liquor license application proceedings and because the citizen objectors acted as and were treated as parties in the Commission's hearing, we conclude that they are "parties of record" for purposes of the APA. The APA requires all "parties of record" in the agency proceeding to be made parties in the district court's review. Where a district court has statutory authority to review an action of an administrative agency, the district court may acquire jurisdiction only if the review is sought in the mode and manner and within the time provided by statute.[49] The failure to make a "part[y] of record" a party to the proceedings for review as required by the APA is a failure to seek review in the mode and manner provided by statute that deprives the district court of jurisdiction. Here, the result of the retailers' failure to include the citizen objectors is that the district court never acquired subject matter jurisdiction to review the Commission's order.

## CONCLUSION

The retailers failed to include all "parties of record" in the Commission proceeding when they sought review in the district court. The district court never acquired subject matter jurisdiction, and as a result, we lack jurisdiction over this appeal. We vacate the judgment of the district court and dismiss this appeal.

VACATED AND DISMISSED.

---

[49] *J.S. v. Grand Island Public Schools, supra* note 20; *Nebraska Dept. of Health & Human Servs. v. Weekley, supra* note 20.