Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/13/2018 08:38 AM CDT

Danny R. Robinson, Jr., appellant,
v. Robert Houston et al.,
appellees.

___ N.W.2d ___

Filed January 19, 2018.    No. S-17-287.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Affidavits: Waiver.** A litigant lacking sufficient funds to pay the costs, fees, or security may apply to the court to proceed in forma pauperis, having the otherwise required costs, fees, or security waived.
4. **Affidavits.** Under Neb. Rev. Stat. § 25-2301.02 (Reissue 2016), a party's application to proceed in forma pauperis must generally be granted unless an objection is raised by another party or the court that the applicant either has sufficient funds to pay costs, fees, or security or is asserting legal positions which are frivolous or malicious.
5. **Affidavits: Appeal and Error.** Where an objection to an application to proceed in forma pauperis is sustained, Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) provides the applicant the right to immediately appeal the denial.
6. **Statutes: Appeal and Error.** Unless a statute provides for an appeal, such right does not exist.
7. **Statutes: Intent.** When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context.
8. **Statutes.** Silence can be a meaningful indicator of statutory meaning.
9. ____. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language.

10. **Statutes: Appeal and Error.** An appellate court does not consider a statute's clauses and phrases as detached and isolated expressions. Instead, the whole and every part of the statute must be considered in fixing the meaning of any of its parts.

11. **Affidavits: Appeal and Error.** The right to interlocutory appeal of an in forma pauperis denial in Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2016) applies only to denials made pursuant to the two bases for denial set forth in that subsection.

12. **Statutes: Prisoners: Affidavits: Appeal and Error.** There is no statutory basis for an interlocutory appeal of a denial of leave to proceed in forma pauperis under Neb. Rev. Stat. § 25-3401 (Reissue 2016).

13. **Judgments: Final Orders: Time: Appeal and Error.** An appeal cannot be taken from a conditional order purporting to dismiss a pleading in the future upon the occurrence of an event.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Appeal dismissed.

Danny R. Robinson, Jr., pro se.

Douglas J. Peterson, Attorney General, and James D. Smith for appellees.

MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

CASSEL, J.

## INTRODUCTION

In this appeal, we must determine whether an interlocutory appeal is authorized under Nebraska's "three strikes" prisoner litigation statute,[1] which prohibits a prisoner who has previously filed at least three frivolous civil actions from proceeding in forma pauperis (IFP) without leave of court. Because we conclude that neither this statute nor the general IFP statute provides a right to interlocutory appeal of a "three strikes" denial and because there was not a final, appealable order, we dismiss the appeal for lack of jurisdiction.

---

[1] Neb. Rev. Stat. § 25-3401 (Reissue 2016).

## BACKGROUND

Danny R. Robinson, Jr., sued numerous prison officials, alleging a myriad of civil rights violations relating to his treatment by prison officials and the conditions of his confinement at the Nebraska State Penitentiary. The case was filed in the district court for Johnson County, Nebraska.

The district court initially sustained Robinson's motion to proceed IFP. The court later sustained Robinson's motion to transfer the case to Lancaster County, Nebraska. Once the case was transferred to Lancaster County, the prison officials filed a motion to reconsider the prior order granting IFP status to Robinson. They brought to the court's attention three district court cases that Robinson had filed in Johnson County District Court in which Robinson had been denied IFP status, attaching the denial orders to their motion. Under the heading "Ruling of the Court," those orders from the prior cases each stated: "The Court hereby denies Motion to Proceed [IFP] for reason action is meritless."

After a hearing at which Robinson appeared by telephone, the Lancaster County District Court sustained the motion to reconsider and vacated the prior order allowing Robinson to proceed IFP, pursuant to the "three strikes" provision.[2]

The court's order gave Robinson 30 days to pay the required filing fee and stated that "[i]f no action is taken the matter may be dismissed without notice or hearing." Robinson immediately appealed the court's order. He filed a praecipe requesting a transcript with all of the pleadings in the case, but failed to request a bill of exceptions. We moved this appeal to our docket.[3]

## ASSIGNMENT OF ERROR

Robinson's sole assignment of error is that "[t]he district court erred in ruling that [Robinson] was ineligible to proceed

---

[2] See § 25-3401(2)(a).

[3] Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[IFP] status based on the assertion that he had previously filed three frivolous actions." The prison officials filed a brief challenging this court's jurisdiction.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.[4]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[5] The prison officials argue that because the "three strikes" statute does not authorize an interlocutory appeal, we lack jurisdiction over Robinson's appeal. We agree.

[3-5] We recognize the existence of Nebraska's general statutes regulating proceedings IFP.[6] A litigant lacking sufficient funds to pay the costs, fees, or security may apply to the court to proceed IFP, having the otherwise required costs, fees, or security waived.[7] These general statutes permit a court to authorize the "commencement, prosecution, defense, or appeal therein, of a civil or criminal case in forma pauperis."[8] Under § 25-2301.02(1), a party's application to proceed IFP must generally be granted unless an objection is raised by another party or the court that the applicant either "(a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious." Where such an objection is sustained and IFP status

---

[4] *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[5] *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017).

[6] See Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 2016).

[7] See § 25-2301.02(1).

[8] § 25-2301.01.

is denied, § 25-2301.02 provides the applicant the right to immediately appeal the denial.

In 2012, the Nebraska Legislature passed into law L.B. 793 in order "to limit frivolous civil actions filed by prisoners."[9] Patterned after a part of the federal Prison Litigation Reform Act of 1995,[10] L.B. 793 (codified at § 25-3401) provides that a prisoner who has filed three or more civil actions found to be frivolous may not proceed IFP in any civil case without leave of court. The statute does not apply to habeas corpus or postconviction cases, and the "three strikes" bar does not apply where a court determines that the prisoner "is in danger of serious bodily injury."[11] Although both the general IFP statutes and the "three strikes" statute address proceedings IFP, the latter statute permits a trial court to exercise additional discretion in a narrow class of cases where a particular litigant is determined to have filed frivolous actions in the past. In those circumstances, a trial court may deny leave to proceed IFP despite the litigant's indigence and even though the court may not be persuaded that the proposed action is frivolous—meaning wholly without merit, that is, without rational argument based on the law or on the evidence.[12] But the "three strikes" statute is silent on a prisoner's right to appeal a denial of IFP pursuant to this section.[13]

[6,7] The question we face here is whether the right to interlocutory appeal of an IFP denial in § 25-2301.02 also authorizes a prisoner to appeal the denial of IFP status under the subsequently enacted "three strikes" provision of § 25-3401. The legal backdrop for interpreting these statutes is that unless

---

[9] 2012 Neb. Laws, L.B. 793.

[10] 28 U.S.C. § 1915(g) (2012); Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, §§ 801 and 804, 110 Stat. 1321.

[11] § 25-3401(2)(a).

[12] See *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015).

[13] See § 25-3401.

a statute provides for an appeal, such right does not exist.[14] When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context.[15]

[8,9] When reading a statute, what it *does not say* is often as important as what it *does say*.[16] Silence can be a meaningful indicator of statutory meaning.[17] In adopting the "three strikes" provision in § 25-3401, the Legislature did not provide for a right to interlocutory appeal of a denial of IFP status. Neither does § 25-3401 make reference to the right to appeal in § 25-2301.02. Nor was § 25-2301.02 amended to cover "three strikes" denials of IFP status. As we have often said, "It is not within the province of this court to read a meaning into a statute that is not warranted by the legislative language."[18] Thus, we will not read into § 25-3401 a right to interlocutory appeal that the Legislature has not seen fit to enact.

These omissions are magnified by the definition of "[c]ivil action" in § 25-3401. It defines the term to include not only "a legal action seeking monetary damages, injunctive relief, [or] declaratory relief . . . that relates to or involves a prisoner's conditions of confinement," but also "any appeal filed in any court in this state" that does likewise.[19] In other words,

---

[14] *Heckman v. Marchio, supra* note 4.

[15] *Kozal v. Nebraska Liquor Control Comm., supra* note 5. See, also, *Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339 (7th Cir. 2017) (Sykes, J., dissenting; Bauer and Kanne, JJ., join) (statutory interpretation); *BankDirect Capital v. Plasma Fab*, 519 S.W.3d 76 (Tex. 2017) (statutory interpretation); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 56-58 (2012).

[16] See, *Stewart v. Nebraska Dept. of Rev.*, 294 Neb. 1010, 885 N.W.2d 723 (2016); *Nebraska Account. & Disclosure Comm. v. Skinner*, 288 Neb. 804, 853 N.W.2d 1 (2014).

[17] See *id*.

[18] *State v. Gilliam*, 292 Neb. 770, 781, 874 N.W.2d 48, 57 (2016), *cert. denied* ___ U.S. ___, 137 S. Ct. 371, 196 L. Ed. 2d 290.

[19] § 25-3401(1)(a).

the requirement of § 25-3401(2)(a) that a prisoner having three strikes obtain leave of court to proceed IFP applies both to commencement of an action and to an appeal, so long as the action or appeal relates to or involves a prisoner's conditions of confinement. Yet, the Legislature provided no right to interlocutory appeal of a "three strikes" denial of IFP status in § 25-3401.

[10] And a fundamental principle of statutory interpretation is that statutory language must always be read in context.[20] As we have said before, an appellate court does not consider a statute's clauses and phrases as detached and isolated expressions. Instead, the whole and every part of the statute must be considered in fixing the meaning of any of its parts.[21] Another way of stating the same principle is that "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole."[22]

[11] In one of the general IFP statutes, context matters. Section 25-2301.02(1) provides that "[i]f an objection [to an application to proceed IFP] is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal . . . ." But the "objection" referred to in that sentence refers back to an earlier part of that subsection: "An application to proceed in forma pauperis shall be granted unless there is *an objection* that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious."[23] Thus, when the right to interlocutory appeal of an IFP denial in § 25-2301.02(1) is read in context, it becomes clear that it applies only to

---

[20] Scalia & Garner, *supra* note 15. See, also, *Matter of Sinclair*, 870 F.2d 1340 (7th Cir. 1989) (importance of context in statutory interpretation).

[21] *Doty v. West Gate Bank*, 292 Neb. 787, 874 N.W.2d 839 (2016).

[22] *State ex rel. Kalal v. Dane County*, 271 Wis. 2d 633, 663, 681 N.W.2d 110, 124 (2004).

[23] § 25-2301.02(1) (emphasis supplied).

denials made pursuant to the two bases for denial set forth in that subsection.

[12] Because the right to interlocutory appeal of a denial of an application to proceed IFP in § 25-2301.02(1) applies only to the two bases for denial in that subsection and because § 25-3401 provides no right to interlocutory appeal, there is no statutory basis for an interlocutory appeal of a "three strikes" denial of IFP status under § 25-3401. Thus, Robinson's attempt to appeal immediately had no statutory basis.

[13] Moreover, the order from which Robinson attempted to appeal was not a final order under the general statutes governing appeals.[24] Rather, it was a conditional order. The order required Robinson to pay the filing fee within 30 days or face dismissal. Thus, it did not actually dismiss the action. Nor was the action automatically dismissed upon expiration of the 30-day period. We have long held that an appeal cannot be taken from a conditional order purporting to dismiss a pleading in the future upon the occurrence of an event.[25] Thus, our record shows that at the time of Robinson's attempted appeal, there was no final, appealable order.

## CONCLUSION

Because there was no statutory basis for an interlocutory appeal of the district court's order and because the order was not a final order, we lack appellate jurisdiction to review the district court's order. Therefore, we dismiss this appeal.

Appeal dismissed.

Heavican, C.J., and Wright, J., not participating.

---

[24] See Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[25] *Nichols v. Nichols*, 288 Neb. 339, 847 N.W.2d 307 (2014).