Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/09/2021 08:09 AM CST

In re Interest of Luis D., a child
under 18 years of age.
State of Nebraska, appellant,
v. Luis D., appellee.

___ N.W.2d ___

Filed February 9, 2021.    No. A-20-727.

1. **Statutes: Appeal and Error.** Statutory interpretation is a question of
   law, which an appellate court resolves independently of the trial court.
2. **Criminal Law: Courts: Juvenile Courts: Jurisdiction.** A juvenile fit-
   ting into the categories described in Neb. Rev. Stat. § 43-246.01(1) and
   (2) (Reissue 2016) must always be commenced in the juvenile court;
   however, proceedings initiated under § 43-246.01(2) are subject to
   transfer to the county or district court for further proceedings under the
   criminal code.
3. **Juvenile Courts: Jurisdiction.** Proceedings fitting under Neb. Rev.
   Stat. § 43-246.01(1) (Reissue 2016) must always be filed via a juvenile
   petition and must always proceed to completion in the juvenile court.
4. **Courts: Juvenile Courts: Jurisdiction.** Actions involving juveniles fit-
   ting into categories under Neb. Rev. Stat. § 43-246.01(3) (Reissue 2016)
   may be initiated either in the juvenile court or in the county or district
   court and may be transferred as provided in Neb. Rev. Stat. § 43-274
   (Supp. 2019).
5. **Statutes.** A court must attempt to give effect to all parts of a statute,
   and if it can be avoided, no word, clause, or sentence will be rejected
   as superfluous or meaningless; it is not within the province of a court to
   read anything plain, direct, and unambiguous out of a statute.
6. **Criminal Law: Prosecuting Attorneys: Courts: Juvenile Courts:
   Jurisdiction: Legislature.** A city or county attorney has authority to
   seek a transfer to the criminal court when both the juvenile court and
   the criminal court have statutory jurisdiction; the county court and dis-
   trict court have statutory jurisdiction over criminal matters, except in
   those instances where the Legislature has preserved such matters to the

- 496 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

exclusive jurisdiction of the juvenile court, such as in Neb. Rev. Stat. § 43-246.01(1) (Reissue 2016).

7. **Statutes: Judicial Construction: Legislature: Intent: Presumptions.** Where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.

Appeal from the Separate Juvenile Court of Sarpy County: Lawrence D. Gendler, Judge. Reversed and remanded for further proceedings.

Andrew T. Erickson, Deputy Sarpy County Attorney, for appellant.

Colleen Dostal, Deputy Sarpy County Public Defender, for appellee.

Moore, Bishop, and Welch, Judges.

Bishop, Judge.

## I. INTRODUCTION

A petition was filed in the separate juvenile court of Sarpy County against the appellee, Luis D., alleging three Class I misdemeanor offenses. At the time of the incidents which led to the charges, Luis was 17 years old and approximately a month away from turning 18. The State filed a motion to transfer the proceedings from the juvenile court to the county or district court. The juvenile court denied the transfer based on its interpretation of Neb. Rev. Stat. § 43-246.01(2) (Reissue 2016), concluding that only the juvenile court had jurisdiction over a juvenile who was age 16 or 17 at the time of an alleged misdemeanor offense. The State appeals. We reverse, and remand for further proceedings.

## II. BACKGROUND

A "Juvenile Petition" was filed in the juvenile court on August 27, 2020, alleging that on August 11, Luis committed three Class I misdemeanor offenses: third degree domestic assault, obstructing a peace officer, and resisting arrest. On

- 497 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

September 2, the State filed a motion to transfer jurisdiction to the county court or district court, alleging that the factors outlined in Neb. Rev. Stat. § 43-276(1) (Supp. 2019) weighed in favor of transferring the case from the juvenile court.

On September 10, 2020, a hearing took place on the motion to transfer. At the outset of the hearing, the juvenile court indicated that it had talked with counsel "as to the issue of whether or not this [c]ourt has exclusive original jurisdiction, meaning this case cannot be transferred to adult court[,]" and that it would not decide the matter that day so that the attorneys could "submit something in writing." The court then proceeded with the receipt of evidence. Exhibit 1 (police reports) and exhibit 2 ("JUSTICE printout" reflecting criminal history) were received without objection. A witness from the Sarpy County juvenile probation office testified.

A further hearing took place on October 5, 2020, at which time the juvenile court received exhibit 3 (State's written argument) and exhibit 4 (Luis' counsel's written argument) related to the juvenile court's concern about authority to transfer under § 43-246.01. The juvenile court entered an order that same day concluding that § 43-246.01 gave it "exclusive original jurisdiction as to any juvenile who was 16 or 17 years of age at the time of the alleged offense pursuant to Sec. 43-246.01(2) and, by virtue of such, the Motion to Transfer is denied." The State timely filed an appeal the next day.

### III. ASSIGNMENT OF ERROR

The State failed to include a separate assignments of error section in its brief, but a heading in the argument section of its brief contends, restated, that the juvenile court erred in denying its motion to transfer based upon the court's interpretation of § 43-246.01(2).

In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *U.S. Pipeline v. Northern Natural Gas Co.*, 303 Neb. 444, 930 N.W.2d 460

- 498 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

(2019). See, also, Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014) (requirements for assignments of error section in brief of appellant; consideration of case is limited to errors assigned and discussed). Headings in the argument section of a brief do not satisfy the requirements of § 2-109(D)(1). *D.W. v. A.G.*, 303 Neb. 42, 926 N.W.2d 651 (2019). When a party's brief fails to comply with § 2-109(D)(1), we may proceed as though the party failed to file a brief or, alternatively, examine the proceedings for plain error. *D.W. v. A.G., supra*. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id*.

However, because this case involves a matter of statutory interpretation, we will independently review the juvenile court's interpretation of § 43-246.01.

## IV. STANDARD OF REVIEW

[1] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court. *In re Interest of Seth C.*, 307 Neb. 862, 951 N.W.2d 135 (2020).

## V. ANALYSIS

At issue in this case is whether § 43-246.01(2) and its use of the language "[e]xclusive original jurisdiction" can be reconciled with Neb. Rev. Stat. § 43-274(5) (Supp. 2019) and its use of the language "concurrent jurisdiction." Section 43-246.01(2) grants the juvenile court "[e]xclusive original jurisdiction" over any juvenile who was 16 or 17 years of age at the time he or she committed an offense, other than a traffic offense, which would constitute a misdemeanor or an infraction. However, it also provides that proceedings initiated under "this subdivision (2) may be transferred as provided in section 43-274." Section 43-274(5) indicates that "[w]hen a transfer from juvenile court to county court or district court is authorized because there is *concurrent jurisdiction*, the county attorney or city attorney may move to transfer the proceedings." (Emphasis supplied.) It appears the juvenile court must have concluded that since

- 499 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

a transfer under its *exclusive original jurisdiction* pursuant to § 43-246.01(2) was subject to the provisions of § 43-274, and § 43-274(5) authorized transfers only when there is *concurrent jurisdiction* with a county or district court, then a transfer was not permitted in this instance.

While we understand the potential for confusion created by the statutory language noted above, we conclude that the plain language of the statutes and Nebraska Supreme Court precedent compel a different interpretation than the one reached by the juvenile court. As we explain in more detail later, the use of the language "[e]xclusive original jurisdiction" in § 43-246.01(1) and (2) means that certain matters must be commenced in the juvenile court if they fall into any of the categories covered in those subsections. In other words, there is no discretion by a county attorney or city attorney to file such matters initially in the county or district court; they must be filed in the juvenile court. On the other hand, § 43-246.01(3) provides for "[c]oncurrent original jurisdiction" over the categories covered in that subsection, meaning there is discretion on whether to initially file such cases in the juvenile court, county court, or district court.

The *concurrent jurisdiction* language used in § 43-274(5) means only that the transfer must involve matters over which the county court or district court would otherwise have subject matter jurisdiction. Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020). While county courts have been given jurisdiction of criminal matters classified as misdemeanors or infractions via Neb. Rev. Stat. § 24-517 (Cum. Supp. 2018), that statute does not provide for county court jurisdiction over felonies; other statutes, however, do authorize county court judges to play a role in felony matters. See *State v. A.D.*, 305 Neb. 154, 939 N.W.2d 484 (2020). As for district courts, the Nebraska Constitution

- 500 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

provides such courts with both chancery and common-law jurisdiction, and such other jurisdiction as the Legislature may provide; Neb. Rev. Stat. § 24-302 (Reissue 2016) provides that district courts shall have and exercise general, original, and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided. See *Webb v. Nebraska Dept. of Health & Human Servs.*, 301 Neb. 810, 920 N.W.2d 268 (2018).

Therefore, although the case before us had to originate under the juvenile court's *exclusive original jurisdiction* as required by § 43-246.01(2), the Legislature also specifically granted to the juvenile court the ability to transfer such cases to the county or district court so long as those courts otherwise have subject matter jurisdiction. As we explain next, certain juvenile criminal matters are statutorily reserved for the juvenile court's exclusive jurisdiction from beginning to end; however, depending on the juvenile's age and the nature of the offense, such matters may be transferred to the county or district court.

### 1. Statutory Language

The full text of § 43-246.01 is set forth below, and beginning with subsection (2), we have provided bracketed abbreviated explanations of references made to certain other statutory provisions. Section 43-246.01 states:

The juvenile court shall have:

(1) Exclusive original jurisdiction as to:

(a) Any juvenile described in subdivision (3) or (11) of section 43-247;

(b) Any juvenile who was under sixteen years of age at the time the alleged offense was committed and the offense falls under subdivision (1) of section 43-247;

(c) A party or proceeding described in subdivision (5) or (7) of section 43-247; and

(d) Any juvenile who was under fourteen years of age at the time the alleged offense was committed and the offense falls under subdivision (2) of section 43-247;

- 501 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

(2) Exclusive original jurisdiction as to:

(a) Beginning January 1, 2015, any juvenile who is alleged to have committed an offense under subdivision (1) of section 43-247 [act other than traffic offense which would constitute a misdemeanor or an infraction] and who was sixteen years of age at the time the alleged offense was committed, and *beginning January 1, 2017, any juvenile who is alleged to have committed an offense under subdivision (1) of section 43-247 and who was sixteen years of age or seventeen years of age at the time the alleged offense was committed*; and

(b) Any juvenile who was fourteen years of age or older at the time the alleged offense was committed and the offense falls under subdivision (2) of section 43-247 [act which would constitute a felony] except offenses enumerated in subdivision (1)(a)(ii) of section 29-1816 [offense punishable as Class I, IA, IB, IC, ID, II, or IIA felony].

*Proceedings initiated under this subdivision (2) may be transferred as provided in section 43-274*; and

(3) Concurrent original jurisdiction with the county court or district court as to:

(a) Any juvenile described in subdivision (4) of section 43-247 [traffic offense];

(b) Any proceeding under subdivision (6) [termination of parental rights], (8) [ward whose guardianship is disrupted or terminated], (9) [adoption or guardianship], or (10) [paternity or custody] of section 43-247;

(c) Any juvenile described in subdivision (1)(a)(ii) of section 29-1816 [offense punishable as Class I, IA, IB, IC, ID, II, or IIA felony]; and

(d) Until January 1, 2017, any juvenile who is alleged to have committed an offense under subdivision (1) of section 43-247 and who was seventeen years of age at the time the alleged offense was committed.

- 502 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

> *Proceedings initiated under this subdivision (3) may be transferred as provided in section 43-274.*

(Emphasis supplied.)

[2,3] Notably, subsections (1) and (2) of § 43-246.01 both commence with the juvenile court having "[e]xclusive original jurisdiction," meaning any case involving a juvenile fitting into the categories described in those two subdivisions must always be commenced in the juvenile court. See *In re Interest of Tyrone K.*, 295 Neb. 193, 887 N.W.2d 489 (2016). However, unlike § 43-246.01(1), § 43-246.01(2) provides that "[p]roceedings initiated under this subdivision (2) may be transferred as provided in section 43-274[.]" Therefore, when juveniles commit an offense fitting under § 43-246.01(2), an action "against these juvenile offenders must always be initiated in juvenile court by filing a juvenile petition, but [they] are subject to transfer to county or district court for further proceedings under the criminal code." *In re Interest of Tyrone K.*, 295 Neb. at 198-99, 887 N.W.2d at 494. In contrast, proceedings fitting under § 43-246.01(1) "must always be filed via a juvenile petition and must always proceed to completion in juvenile court." *In re Interest of Tyrone K.*, 295 Neb. at 198, 887 N.W.2d at 494.

[4] Finally, § 43-246.01(3) provides for "[c]oncurrent original jurisdiction with the county court or district court" for the categories described in subparts (a) through (d). This means that actions involving juveniles fitting into any of these categories may be initiated either in juvenile court or in the county or district court. See *In re Interest of Tyrone K., supra*. A proceeding initiated under § 43-246.01(3) may also be transferred as provided in § 43-274.

In the present case, Luis was charged with three Class I misdemeanor offenses. He was 17 years old at the time of the incidents leading to the charges. Neb. Rev. Stat. § 43-247(1) (Reissue 2016) provides that the juvenile court in each county shall have jurisdiction of

> [a]ny juvenile who has committed an act other than a traffic offense which would constitute a misdemeanor or

- 503 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

an infraction under the laws of this state, or violation of
a city or village ordinance, and who, beginning in July 1,
2017, was eleven years of age or older at the time the act
was committed.

Luis was clearly more than 11 years of age at the time of his
misdemeanor offenses, so the juvenile court has jurisdiction
over Luis' case pursuant to § 43-247(1). In next looking at
§ 43-246.01(1)(b), which applies to misdemeanor offenses
for juveniles under the age of 16, it is evident that Luis does
not fit into this category because of his age. Accordingly,
§ 43-246.01(1) does not apply here, and this is the only
subsection under § 43-246.01 which requires always being
filed in juvenile court and always proceeding to comple-
tion in juvenile court. See *In re Interest of Tyrone K., supra*.
Instead, the circumstances involved here fall under the juve-
nile court's "[e]xclusive original jurisdiction" pursuant to
§ 43-246.01(2)(a), which applies to 16-year-old or 17-year-old
juveniles who have committed a nontraffic, misdemeanor
offense. Further, the statute plainly states that "[p]roceedings
initiated under this subdivision (2) may be transferred as pro-
vided in section 43-274[.]" § 43-246.01(2).

[5] However, as noted earlier, it appears that the "concur-
rent jurisdiction" language of § 43-274(5) may have contrib-
uted to the confusion in this case when trying to reconcile
it with the "[e]xclusive original jurisdiction" language used
in § 43-246.01(2). Section 43-274(5) states, in relevant part,
"When a transfer from juvenile court to county court or dis-
trict court is authorized because there is concurrent jurisdic-
tion, the county attorney or city attorney may move to trans-
fer the proceedings." It appears the juvenile court construed
§ 43-274(5) to allow for transfers only when there is "[c]oncur-
rent original jurisdiction" between the courts as set forth in
§ 43-246.01(3), and since § 43-246.01(2)(a) granted the juve-
nile court "[e]xclusive original jurisdiction" over any juvenile,
age 16 or 17, who has committed a misdemeanor offense, then
there was no concurrent jurisdiction and the case could not be

- 504 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

transferred. But as noted previously, there would be concurrent jurisdiction over Luis' misdemeanor offenses in adult court if the juvenile court determined the circumstances justified granting a transfer. Also, of significance, the juvenile court's interpretation necessarily requires ignoring the last sentence of § 43-246.01(2), which very clearly states that "[p]roceedings initiated under this subdivision (2) may be transferred as provided in section 43-274[.]" And a court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *In re Interest of Sabrina K.*, 262 Neb. 871, 635 N.W.2d 727 (2001).

Additionally, as pointed out by the State, the Nebraska Supreme Court has already construed §§ 43-246.01(2) and 43-274(5) to allow for a transfer from the juvenile court to the county or district court.

## 2. Nebraska Supreme Court Cases

### (a) *In re Interest of Tyrone K.*

The Nebraska Supreme Court first examined the construction of § 43-246.01 in *In re Interest of Tyrone K.*, 295 Neb. 193, 887 N.W.2d 489 (2016). The court's primary focus in that case was whether an order granting a motion to transfer proceedings from juvenile court to county court was a final, appealable order; it ultimately concluded it was not. However, the court first provided an overview of new juvenile statutes enacted in 2014 through 2014 Neb. Laws, L.B. 464. The court pointed out that "[f]rom 1974 to 2014, when a juvenile committed a law violation, the relevant juvenile delinquency statute gave the prosecuting attorney substantial discretion regarding whether to file charges in criminal court, file delinquency proceedings in juvenile court, or offer juvenile pretrial diversion or mediation." *In re Interest of Tyrone K.*, 295 Neb. at 197, 887 N.W.2d at 493. The court described that L.B. 464 "limited the discretion of prosecutors to decide whether a

- 505 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

case should be filed in juvenile or criminal court" by installing "a three-tiered jurisdictional structure that specifies the court in which a case should be filed, depending on the age of the juvenile and the nature of the alleged law violation" as "first set out" in § 43-246.01. *In re Interest of Tyrone K.*, 295 Neb. at 198, 887 N.W.2d at 494. Under an opinion subheading entitled "Exclusive Original Jurisdiction," the court addressed the first of the three subsections of § 43-246.01, clarifying that

> [s]ection 43-246.01(1) grants exclusive original jurisdiction to the juvenile court over offenders who (1) are under 16 years of age and committed a misdemeanor or infraction, other than a traffic offense, or (2) are under 14 years of age and committed a felony. *Proceedings against these juvenile offenders must always be filed via a juvenile petition and must always proceed to completion in juvenile court.*

*In re Interest of Tyrone K.*, 295 Neb. at 198, 887 N.W.2d at 494 (emphasis supplied).

Under an opinion subheading entitled "Original Jurisdiction Subject to Transfer," the court described the second subsection of § 43-246.01, further clarifying that

> [s]ection 43-246.01(2) grants *original jurisdiction* to the juvenile court over *juvenile offenders who are (1) 16 years of age and committed a misdemeanor* or (2) 14 years of age or older and committed a felony lesser in grade than a Class IIA. *Actions against these juvenile offenders must always be initiated in juvenile court by filing a juvenile petition, but are subject to transfer to county or district court for further proceedings under the criminal code.*

*In re Interest of Tyrone K.*, 295 Neb. at 198-99, 887 N.W.2d at 494 (emphasis supplied). (We note that because the juvenile court petition at issue was filed in 2015, the court's explanation above only refers to juvenile offenders who are 16 years of age who have committed a misdemeanor. The statute in effect at that time also indicated that beginning January 1, 2017, this

- 506 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

same provision would apply to juvenile offenders who are 16 or 17 years of age.)

Under an opinion subheading entitled "Concurrent Jurisdiction," the court described the third subsection of § 43-246.01, stating that

> [s]ection 43-246.01(3) grants to the juvenile court and the county or district courts concurrent jurisdiction over juvenile offenders who (1) commit a traffic offense that is not a felony or (2) are 14 years of age or older and commit a Class I, IA, IB, ID, II, or IIA felony. *Actions against these juveniles may be initiated either in juvenile court or in the county or district court.*

*In re Interest of Tyrone K.*, 295 Neb. 193, 199, 887 N.W.2d 489, 494 (2016) (emphasis supplied).

[6] When addressing the petition filed in the juvenile court and the prosecutor's simultaneous motion to transfer the proceedings to criminal court, the Nebraska Supreme Court stated that § 43-274(5) controlled in that circumstance. It noted that § 43-274(5) "authorizes a city or county attorney to seek a transfer to criminal court when both the juvenile court and the criminal court have statutory jurisdiction." *In re Interest of Tyrone K.*, 295 Neb. at 200, 887 N.W.2d at 495. And as we discussed previously, the county court and district court have statutory jurisdiction over criminal matters, except in those instances where the Legislature has preserved such matters to the exclusive jurisdiction of the juvenile court, such as in § 43-246.01(1).

In *In re Interest of Tyrone K., supra*, the juvenile court petition alleged that 16-year-old Tyrone K. committed four counts of theft by receiving stolen property and one count of operating a motor vehicle to avoid arrest. The violations were classified as "two Class III felonies, a Class IV felony, and two Class I misdemeanors." *Id.* at 195, 887 N.W.2d at 492. The court found that for purposes of classification, all of the allegations against Tyrone, except the allegation of operating a motor vehicle to avoid arrest, put Tyrone in the category of juvenile

- 507 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

offenders described in § 43-246.01(2), which "must always be initiated in juvenile court by filing a juvenile petition, but are subject to transfer to county or district court for further proceedings under the criminal code." *In re Interest of Tyrone K.*, 295 Neb. at 198-99, 887 N.W.2d at 494. However, the count of operating a motor vehicle to avoid arrest put Tyrone in the category of juvenile offenders described in § 43-246.01(3), which may be initiated either in the juvenile court or in the county or district court. See *In re Interest of Tyrone K., supra.* Importantly, the court stated:

> All of the offenses allegedly committed by Tyrone are offenses over which both the juvenile court and the criminal court can exercise jurisdiction under the new statutory scheme. With respect to such offenses, if the action is initiated in juvenile court, a party can move to transfer it to county or district court via § 43-274(5) (Reissue 2016) . . . .

*In re Interest of Tyrone K.*, 295 Neb. at 199, 887 N.W.2d at 494.

Luis attempts to distinguish *In re Interest of Tyrone K.* on the basis that one of Tyrone's offenses was a traffic offense, which would subject him to the concurrent jurisdiction of the juvenile court and criminal court under § 43-246.01(3). Luis appears to be suggesting that *In re Interest of Tyrone K.* should not be applied here, because in addition to involving offenses falling under § 43-246.01(2), that case also involved an offense falling under § 43-246.01(3), which specifically provides for "[c]oncurrent original jurisdiction." Presumably, Luis is suggesting that because § 43-246.01(3) specifically refers to "[c]oncurrent original jurisdiction," then the "concurrent jurisdiction" language of § 43-274(5) supports transfer of only those cases falling under § 43-246.01(3). We do not read *In re Interest of Tyrone K.* to support Luis' distinction. In fact, as discussed next, another case decided by the Supreme Court 1 week after *In re Interest of Tyrone K.* was decided reiterates its determination in *In re Interest of Tyrone K.* that § 43-246.01(2) provides for transfer from the juvenile court to

- 508 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

the county or district court, even when the offenses charged all fall under § 43-246.01(2), as in the present case.

### (b) *In re Interest of Sandrino T.*

In *In re Interest of Sandrino T.*, 295 Neb. 270, 888 N.W.2d 371 (2016), the juvenile charges included three Class IIIA felonies and three Class IV felonies, all of which would fit within the category described in § 43-246.01(2)(b). The Nebraska Supreme Court stated:

> *Although actions against juvenile offenders who fall under § 43-246.01(2) must always be initiated in juvenile court by filing a juvenile petition, they are subject to transfer to county or district court for further proceedings under the criminal code.* . . . As noted, the State filed motions to transfer each case to county court under § 43-274(5) and the juvenile court granted the motions.

*In re Interest of Sandrino T.*, 295 Neb. at 273-74, 888 N.W.2d at 374 (emphasis supplied).

Although the offenses alleged in the present matter fall under § 43-246.01(2)(a) rather than § 43-246.01(2)(b), as in *In re Interest of Sandrino T.*, the last sentence of § 43-246.01(2) states that "[p]roceedings initiated under this subdivision (2) may be transferred as provided in section 43-274"; there is no distinction made between § 43-246.01(2)(a) and (b) in terms of which proceedings may be transferred.

### (c) *In re Interest of Steven S.*

In *In re Interest of Steven S.*, 299 Neb. 447, 908 N.W.2d 391 (2018), the juvenile was 17 years old when he and another juvenile escaped from custody while being transported to a youth rehabilitation and treatment center. A petition was filed in juvenile court, charging the juvenile with escape, a Class IV felony offense. The State simultaneously filed a motion to transfer the case from the juvenile court to the county court. After an evidentiary hearing, the juvenile court concluded that the State had proved by a preponderance of the evidence that the matter should be transferred to the county court. The

- 509 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

juvenile appealed, claiming the evidence was insufficient to support the transfer.

In reaching its decision to affirm the juvenile court's decision, the Nebraska Supreme Court noted that "transfers from juvenile to 'adult' court [were] a recent development." *Id*. at 453, 908 N.W.2d at 396. It pointed out that in 2014, "legislation dictated that the county attorney or city attorney file the petition in the court with jurisdiction as outlined in what became codified as Neb. Rev. Stat. § 43-246.01 (Reissue 2016)." *In re Interest of Steven S.*, 299 Neb. at 454, 908 N.W.2d at 396. The court then proceeded to consider the appropriate standard of review to be applied to such appeals, and it concluded in its de novo review of the record that the juvenile court did not abuse its discretion in ordering the case transferred from the juvenile court to the county court.

Notably, in *In re Interest of Stephen S., supra*, because the juvenile was charged with a Class IV felony, § 43-246.01(2)(b) would have applied, as in *In re Interest of Sandrino T., supra*. That subsection applies to any juvenile who was 14 years of age or older at the time of the alleged offense and the offense was a felony classified lower than a Class IIA felony. Although, as previously discussed, the juvenile court had "[e]xclusive original jurisdiction" under § 43-246.01(2)(b), any proceedings brought under § 43-246.01(2)(a) or (b) may be transferred to county or district court once initially filed in the juvenile court. Nothing in *In re Interest of Steven S., supra*, suggests that the juvenile court lacked the authority to transfer the case from the juvenile court to the county court; rather, the juvenile court's decision to transfer the matter to the county court was affirmed by our Supreme Court.

### 3. SUMMARY

The statutory language itself, along with the Supreme Court cases construing the pertinent statutes as discussed above, indicate that § 43-246.01(2) and § 43-274(5) do in fact allow for cases described in § 43-246.01(2) to be transferred to the

- 510 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
29 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF LUIS D.
Cite as 29 Neb. App. 495

county or district court once the case is initially filed in the juvenile court.

[7] We also observe that since the Nebraska Supreme Court's decisions discussed above, neither § 43-246.01, § 43-247, nor § 43-274 have been amended in any way to demonstrate the Legislature's disagreement with how our Supreme Court has construed these statutes. The Legislature did amend § 43-274 to address the issue of whether a juvenile transfer order was a final, appealable order in the new statutory scheme. Section 43-274(5) was amended in 2017 to provide that "[a]n order granting or denying transfer of the case from juvenile court to county or district court shall be considered a final order for the purposes of appeal." See Neb. Rev. Stat. § 43-274(5) (Cum. Supp. 2018). See, also, 2017 Neb. Laws, L.B. 11, § 2. Section 43-274 was again amended in 2019, altering the processes concerning restorative justice practices or services with respect to juvenile offenders. See § 43-274 (Supp. 2019). See, also, 2019 Neb. Laws, L.B. 595, § 28. Of note, the language stating that "[w]hen a transfer from juvenile court to county court or district court is authorized because there is concurrent jurisdiction, the county attorney or city attorney may move to transfer the proceedings" has not changed. See § 43-274(5) (Supp. 2019). Where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent. *Drought v. Marsh*, 304 Neb. 860, 937 N.W.2d 229 (2020).

## VI. CONCLUSION

The juvenile court erred in concluding that § 43-246.01(2) and § 43-274(5) precluded the transfer of this case from the juvenile court to the criminal court. We therefore reverse, and remand for further proceedings, beginning with consideration of the merits of the State's motion to transfer.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.